BLAKE, Respondent, vs. BLAKE, Appellant.

*November 22 — December 13, 1887.*

*Divorce: Alimony: Modification of judgment: Suit money.*

The circuit court may, even after the term at which a judgment of divorce was entered, order the defendant to pay counsel fees and suit money during the pendency of a proceeding to modify the judgment as to alimony; but it cannot require security for such payment.

APPEAL from the Circuit Court for *Milwaukee* County. The cause was before this court on a former appeal, and is reported in 68 Wis. 303. This appeal is from an order directing the defendant to pay to the plaintiff counsel fees and suit money during the pendency of the proceeding for a modification of the original judgment as to alimony.

For the appellant the cause was submitted on the brief of *E. Mariner*.

*J. A. Eggen*, for the respondent.

COLE, C. J. After the decision on the former appeal herein (68 Wis. 303), the plaintiff filed a petition in the circuit court praying for an order requiring the defendant to pay her temporary alimony and suit money during the continuance of this proceeding. The petition states that the plaintiff has no money with which to meet the expenses of the litigation; that she is largely in debt, and unable to pay the same. The court thereupon ordered the defendant to pay the plaintiff or her attorney within thirty days the sum of $250 as counsel fees; and that as suit money he pay $50 on the 1st of August, 1887, and the same amount on the 1st day of each succeeding month during the pendency of this proceeding for the modification of the original judgment; and that defendant give a written undertaking with one or more sureties to be approved by the court, conditioned if the defendant did not pay such moneys in the manner and

amount as required then such surety or sureties would pay the same. The appeal is from this order, and it is ·claimed by defendant's counsel that the court had no power to make it.

It is insisted that temporary alimony and suit money can only be given during the pendency of the action for divorce under sec. 2361, R. S., but after judgment of divorce is entered and the term passed, the power of the court as to such temporary alimony and suit money is gone. We cannot adopt that view of the statute. The proceeding is to revise and alter the original judgment as to alimony on account of the change in the circumstances of the defendant, under sec. 2369, R. S., which gives the court plenary power in respect to that matter, as this court has often decided. See the cases referred to by Mr. Justice TAYLOR on the former appeal. But the precise question presented here has been decided adversely to the position of defendant's counsel in *Helden v. Helden*, 11 Wis. 554. In that case, as here, it was objected that, as the parties had already been divorced, the court had no authority to make the allowance. The objection was overruled; this court holding that the power still remained, because the statute expressly gave the court authority to " make any judgment respecting any of said matters which such court might have made in the original action." As was said in that case, there can be no doubt about the power of the court in the original action to compel the husband to pay the wife a reasonable sum to meet the expenses of the litigation and for temporary support. The statute is the same as when the *Helden Case* was decided, and we are fully satisfied with the construction that was there placed upon it. Indeed, the language seems too plain upon this point to admit of discussion, and we shall attempt none.

The sums to be paid by the defendant during the pendency of this proceeding rested largely in the discretion of

the court below, and there is no ground for claiming that such discretion was not wisely exercised. There is to be an investigation as to the financial ability, wealth, and income of the defendant. This will necessarily involve expense and demand the aid of counsel. The amount which the defendant is required to pay to meet these expenses, and for temporary support, does not seem unreasonable. In one respect, however, we deem the order erroneous. It is the provision requiring the defendant to give security for the payment of these sums. We have not been referred to any statute which authorizes the court to make such an order. Sec. 2367, R. S., authorizes the court to require security for the payment of the alimony or other allowance adjudged the wife in the original judgment. But we do not think this impliedly authorizes the court to require security for the payment of an allowance given on an application to modify the judgment; and unless statutory authority for exacting such security is clearly given, the court cannot require it. The order, therefore must be modified in that regard, and in other respects it is affirmed. The clerk's fees and plaintiff's taxable costs in this court must be paid by the defendant. The cause is remanded to the circuit court for a modification of its order in the respect pointed out in this opinion.

*By the Court.*— Ordered accordingly.