Hooper, Respondent, vs. Hooper, Appellant.

*March 17 — April 4, 1899.*

*Divorce: Alimony: Allowance in gross.*

1. Under sec. 2364, Stats. 1898 (providing that in actions for divorce the court may adjudge to the wife such alimony out of the estate of the husband, for her support and maintenance, as it shall deem just and reasonable, having always due regard to the situation of the parties and all the circumstances of the case), the court is not limited to making an allowance payable at stated periods, but may allow a sum of money payable in gross.

2. In an action for divorce brought by the wife it appeared, among other things, that the parties were about sixty years of age, had been married twenty years, and occupied a high social position; that defendant had property worth $80,000, and received a large income therefrom as well as from his professional business; and that the plaintiff was without fault except such as the defendant was in duty bound to condone. *Held,* that an allowance to the plaintiff of $7,000 payable in gross, together with a monthly allowance equal to about one seventh of the defendant's income, was not excessive.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

The appeal is from that part of the judgment in a divorce action awarding a permanent allowance to plaintiff. Plaintiff was sixty and defendant sixty-one years of age at the time of the trial. They had lived together as man and wife about twenty years, during which time plaintiff helped to rear to ages of maturity five children of defendant by his first wife, who were from four to seventeen years of age at the time of the second marriage. When such second marriage took place defendant was worth about $40,000 and plaintiff not anything. During a few years preceding the trial defendant gave his children property aggregating $20,000 in value, and was worth, when the case was decided, $80,000, yielding a yearly income of about $4,200, and he had in ad-

dition a large law practice.   In addition to wearing apparel
and personal property, when. the cause was decided plaintiff
was possessed of $500 given to her by defendant, $950 be-
queathed to her by an aunt, and about $700 accumulated by
keeping boarders subsequent to February, 1895, when the
separation between the parties took place.   In addition she
had a claim against defendant for $500 on account of a mar-
riage gift.   The divorce was granted upon two grounds,
either being adequate, and one free from any circumstance
of excuse or palliation in the conduct of plaintiff.   There
was awarded to plaintiff out of defendant's property, as her
separate estate, $7,000 and $100 per month during her life,
in lieu of dower rights in defendant's real property, and in
full discharge of all plaintiff's rights therein and all claims
upon defendant's estate.   Judgment was rendered accord-
ingly.

*C. D. Cleveland*, for the appellant.

For the respondent there was a brief by *Quarles, Spence &
Quarles*, and oral argument by *T. W. Spence*.

MARSHALL, J.   Appellant's complaint seems to be wholly
of the award of a gross sum of money as part of the perma-
nent alimony.   The monthly allowance of $100, it is sug-
gested, may be materially increased, if thought best, without
complaint from appellant, if the decree giving plaintiff an
estate of her own out of appellant's property be reversed.
We have, with care, searched appellant's brief in vain for
some good reason or the citation of some authority to sup-
port his claim.   It is quite novel.   It is, as we understand it,
that in such a case no provision should be made for a di-
vorced wife other than an allowance payable at stated periods
by the former husband, sufficient for her support.   That was
the old doctrine of the ecclesiastical courts when alimony
meant an allowance for the support of a wife while living
apart from her husband under a sentence of judicial separa-

Hooper vs. Hooper.

tion, the relations of husband and wife in some respects still existing between the parties, the sentence being subject to termination and full marriage relations substantially subject to resumption at the will of the parties. Then no duty was recognized to support a fully divorced wife. No reason whatever exists now for such a rule. Under our statutes alimony may go with a divorce dissolving the bonds of matrimony and restoring the parties to their original situation of being strangers to each other, so far as concerns marriage relations in any sense, as well as with a divorce from bed and board. The power of the court, where the circumstances, in the discretion of the trial court, seem to demand or justify it, is as ample to allow à sum of money payable in gross as alimony, as one payable in instalments or a monthly allowance. There can be no doubt about that. In *Williams v. Williams*, 36 Wis. 362, it is said that it is quite as competent for the court to assign to the wife absolutely a specific portion of the husband's estate or to order the payment of a gross sum of money as to award an annual allowance. Sec. 2364, Stats. 1898, provides that " the court may adjudge to the wife such alimony out of the estate of the husband, for her support and maintenance, . . . as it shall deem just and reasonable, . . having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties, and all the circumstances of the case." Thus the manner in which the wife's allowance shall be secured to her is left entirely to the court to be exercised as justice seems to require, having regard to the particular facts. of each case. So the question of whether the right judgment for alimony was rendered here comes down to whether proper judicial discretion was exercised in administering the statute; and on that subject the rule is that the decision of the trial court will not be disturbed unless manifestly unjust.

It is not only permissible to make an allowance to a di-

vorced wife payable in gross, but in many, and in the judgment of some courts in most, cases it is the best method of settling the pecuniary relations of the parties. The trouble and unhappiness often resulting from keeping up some sort of relation of debtor and creditor between parties who are, legally, strangers to each other, yet so embittered by previous marital relations as to render embarrassing and exceedingly unpleasant any communication of one with the other even as to strictly business matters, is well known to all persons of average experience in life. The divorced husband often feels that the obligation to pay a sum of money at stated periods to his former wife is an unjust burden and one to be avoided if possible, which feeling ordinarily grows more intense as time continues. The divorced wife is generally made to feel that she stands in a position of a mere pensioner, living from day to day on forced contributions grudgingly made by one who looks upon her as an unjust incumbrance. In that way the wrong to the wife caused by breaking up her home is made to bear unnecessarily harshly upon and disquiet her subsequent life. Observations along this line were made in *Williams v. Williams,* resulting in a conclusion that where there is an absolute divorce it is advisable to end all relations between the parties, leaving them entirely independent of each other, if that can be practicably done; that such unhappy controversies as this should be ended in such a way as to dissolve all financial relations as effectually as all marriage relations, leaving nothing that will unnecessarily mar the subsequent life of the parties.

The learned trial court proceeded on the line indicated in *Williams v. Williams,* and with wise comprehension of the needs of the situation solved it in such a way as to leave plaintiff practically independent of appellant. That situation was as follows: A wife sixty years of age who had occupied a high social position as the companion of a man about her own age, for some twenty years; a man possessed

of property of the value of $80,000 at his own figures, and of a large income therefrom, as well as from professional business; no stain was on the life of the wife palliating the act constituting one of the causes entitling plaintiff to a divorce; no fault of the wife appeared which, in law and good morals, the husband was not in duty bound to condone, and which if he had condoned, instead of transgressing the obligations of marriage in a way that the wife could not overlook and was not called upon by any law or duty to do so, they might have continued to live together as husband and wife down to the end of their joint lives.    In that situation the court said that the matrimonial bonds should be dissolved and the divorced wife, so far as consistent with certainty of future support, should be made independent of her divorced husband.    To accomplish that he awarded her, as and for a separate estate, less than one tenth of appellant's property, taking his own figures for the value, and further allowed her a monthly instalment amounting to about one seventh of appellant's income, considering that derived from his property and a fair income from his business as well.    It was further provided that such monthly instalments should be secured upon appellant's property so as to reduce to the minimum the danger of difficulty or unpleasantness to plaintiff in respect to collecting her income.

It is useless to try to test the justness of that determination by any rule, because there is none that can be applied. Precedents are helpful, of course, but no two cases are alike. It is often said in a general way that an allowance from a moiety to a third or less of the husband's income or estate is proper, according to circumstances.    The age of the parties is to be taken into consideration, their social station, their previous life, their health, their family, the responsibilities of the respective parties after the separation as to the care and support of children, the circumstances leading up to such separation, the fault which destroyed the home, the guilty

Hooper vs. Hooper.

party, the palliating circumstances if any, the length of time the parties lived together, the amount and character of the husband's property, his earning capacity,. and that of the wife as well, and all the circumstances that in justice bear in any way upon the situation. Testing the judgment appealed from in that way, we are constrained to say that, while the learned circuit judge who tried the case amply provided for the future needs of plaintiff, he dealt so liberally with appellant that he has not only no reason to complain, but should rather feel supreme satisfaction in reflecting over the result. The plaintiff is made substantially independent of appellant at a cost to him of from one seventh to one tenth of his income and estate, and he is entirely freed from obligations to plaintiff, with whom he does not desire and has no right to live as her husband. He goes free and has the great bulk of his property and the income therefrom and his future earnings as well, aside from the amount to be paid to his former wife, freed of any claim by her, so that he may dispose of the same as he sees fit.

It is not true by any means that in such circumstances the allowance to the wife should be limited to just enough for her support, and that payable as she needs it, as appellant seems to urge. There is no reason for such a rule, and no authority for it that has been called to our attention, and none that we are able to find. Plaintiff was entitled to support from appellant in a way consistent with his wealth and station. Besides that, she possessed an inchoate interest in all his real estate and was one of his heirs presumptive, all of which has been taken from her, and the protection to which she was entitled under the marriage contract as well, and in lieu of that she has received the alimony complained of. In *Williams v. Williams* there was one child nineteen years of age, the husband worth $20,000 at a rather high valuation of mostly unproductive real estate, a homestead and household effects worth some less than $2,000, and per-

sonal property about sufficient to pay his debts, many of which were pressing him. He had no certain income. On such facts this court rendered judgment allowing to the divorced wife $3,000 besides the homestead and household furniture; a far more liberal allowance, as appears, than the one made in the decree appealed from. If precedents are to be relied upon as controlling, *Williams v. Williams,* which has never been criticised, is sufficient for this case.

More has already been said than was really required or would have been said but for the earnestness with which appellant contends that injustice has been done to him. However hard he may have tried to look at the situation in which he was placed with an unbiased mind, he evidently has not been able to do that successfully. To us no reason whatever is perceived for complaint by him of the judgment appealed from.

Some minor questions are mentioned and discussed in appellant's brief, which have been considered. They are not of sufficient significance, however, to affect the decision on this appeal.

*By the Court.*— The judgment of the circuit court is affirmed.