PALICA, Respondent, vs. PALICA, Appellant.

*April 2—April 22, 1902.*

*Divorce: Judgment: Alimony and division of estate: Revision.*

1. A judgment of divorce from bed and board, divesting each party of all interest in the real estate owned by the other, confirming title in each, giving plaintiff the household furniture, and requiring defendant to pay her a certain sum each month for her support, is *held* not to make a final division of the defendant's estate, but to provide for alimony only, and to be subject to revision under sec. 2369, Stats. 1898. [Whether under sec. 2364 the court may both make a division and grant alimony, not determined.]

2. Where an application for revision of an allowance of alimony presents a *prima facie* case for relief, the court should not act upon affidavits of the parties, but should either summon witnesses and take testimony or direct a reference for that purpose.

3. Payment of alimony as allowed cannot be avoided merely because it is burdensome, but there must be a showing that further payments are not necessary, or of such inability to pay as reasonably to excuse performance.

APPEAL from an order of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Affirmed.*

On July 6, 1899, the plaintiff secured a judgment of divorce from bed and board, forever. The judgment gave

plaintiff the custody of their two minor children, and contained provisions as to alimony and property as follows:

"Third. That each of the parties is hereby divested of all interest in the real estate owned by the other, as described in the findings now on file, and the title of each is hereby confirmed in such real estate as may now be in his or her name. Fourth. And that, as a provision for the plaintiff's support, the defendant shall pay or cause to be paid to the plaintiff the sum of one hundred eighty dollars ($180.00) annually, to be paid in monthly instalments, in advance, of fifteen dollars ($15.00) for each month; the first payment to be made on the 15th day of July, 1899, at the office of Max W. Heck, plaintiff's attorney; the other payments to be made on the 15th day of each month thereafter to the plaintiff personally. That the household furniture, exclusive of the library, is hereby awarded to the plaintiff, and the title thereto is hereby vested in the plaintiff."

In April, 1901, the defendant filed a petition setting out the provisions of the judgment; that his financial condition had changed for the worse since it was rendered; that the plaintiff was in good circumstances and did not need assistance from him,—and claimed that the judgment was void, as to the allowance of alimony, because it decreed both a division of property and allowance for alimony, contrary to the provisions of secs. 2364, 2369, Stats. 1898, and asked to have the judgment revised and the allowance for alimony set aside. The plaintiff filed an affidavit denying the allegations of the petition, and alleging that she had no income except the allowance made for her in the judgment, and that her state of health was such that she was unable to earn her own living.

The court heard the matter upon the files, petition, and affidavit, and denied the motion. The defendant appeals from the order denying his petition.

For the appellant there were briefs by *Bohmrich & Maher,* and oral argument by *Louis Bohmrich.* They contended, *inter alia,* that the judgment, so far as it vests and divests

title to real estate in the wife and in the husband, is final and conclusive and can not be modified by the trial court after the term at which it was rendered. *Webster v. Webster,* 64 Wis. 438; *Campbell v. Campbell,* 37 Wis. 206; *Hopkins v. Hopkins,* 40 Wis. 462; *Bacon v. Bacon,* 43 Wis. 197.

For the respondent there was a brief by *Heck & Krenzke,* and oral argument by *Max W. Heck.*

BARDEEN, J. The defendant's motion to modify the divorce judgment has a twofold aspect: He first attacks the judgment on the ground that the court had no power, under sec. 2364, Stats. 1898, to make a division and distribution of the property of the husband and also grant an allowance of alimony. He also seeks a revision of the allowance for alimony on the ground of a change in his financial condition, rendering it burdensome for him longer to continue payments. In so far as his application is based upon the latter ground, we do not approve of the practice adopted by the trial court. To disturb a solemn judgment so soon after its rendition, upon affidavits taken *ex parte,* would be an extremely hazardous proceeding. Such affidavits may make a *prima facie* showing for relief. The opposing affidavits, as in this case, may deny the grounds alleged. Such affidavits seldom present the true situation of the parties. There may be, and usually are, facts and circumstances important for the court to know that are seldom carried into the papers presented on such hearings. We suggest, for the guidance of trial courts on hearings of this kind, that, where the petition presents a *prima facie* case for relief, the court either direct a reference to take the testimony, or that he summon the witnesses and take such testimony in open court. This will enable the court to get at the true situation of the parties, and to make a more intelligent and just conclusion.

Whether the court has or has not the power, under sec. 2364, to grant alimony, and at the same time make a final

division and distribution of the husband's estate, is a question we need not now decide. We are clearly of opinion that the judgment in this case does not attempt to do both. The findings in the record show that defendant was possessed of certain real estate described, and that the plaintiff owned the homestead of the parties, and a house and lot adjoining; that she also had title to a store building and lot, which the judgment recites she derived from her son "at the instance of defendant." The judgment in question divests each party of all interest in the real estate owned by the other, and confirms the title in each, and gives the plaintiff the household furniture of the parties. In addition, the husband was to pay $180 annually for the support of plaintiff. This case is not unlike *Blake v. Blake,* 68 Wis. 303, 32 N. W. 48, where it was held that every provision made in a judgment of divorce for the support of the wife, unless it is expressly declared to be a division and partition of the estate of the husband, will be construed as alimony, and the court may afterwards, under changed circumstances, modify such judgment as may be just. In that case the wife was given a certain sum of money in full for her claim in any property of which the defendant had been seised during coverture, to be paid upon her executing a good and sufficient release of her claims in his real estate, "and in full of any claim for alimony." This was held not to be a final division of the property, so as to bar the court from changing or modifying the judgment, under sec. 2369. The fact that plaintiff was deprived of her right of dower in her husband's property, and he of the right of curtesy in the real estate she possessed, cannot be construed as a final division of the husband's estate. Nor does the fact that the wife was given the household furniture seem at all conclusive that such was the court's intent. The court's allowance of an annual sum for alimony would seem to be indicative of a contrary intent. The conclusion stated finds support in the following cases in this court: *Campbell v.*

*Campbell,* 37 Wis. 206; *Hopkins v. Hopkins,* 40 Wis. 462; *Thomas v. Thomas,* 41 Wis. 229. We do not think the judgment was intended as a final division of the estate of the husband, and hence it does not come within the limitations suggested by defendant's counsel as being contained in sec. 2364.

No good reason was shown why the court should modify the judgment because of defendant's changed financial condition. Every allowance of alimony is more or less burdensome to the party who has to pay it. Its payment cannot be avoided merely because it is burdensome. There must be a showing either that further payments are not necessary, or of such an inability to pay as reasonably to excuse performance.

*By the Court.*—The order is affirmed.