NEWTON, Appellant, vs. NEWTON, Respondent.

*February 4—February 21, 1911.*

*Alimony: Discretion: Reduction of amount: Appeal: Review.*

1. The decision of the trial court in the allowance of alimony will not be disturbed on appeal unless manifestly unjust.
2. Reduction of alimony in this case from the original allowance of $23 per month to $18 per month is *held*, upon the proof, not an abuse of discretion or manifestly unjust.

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *J. E. Malone.* He cited *Bacon v. Bacon,* 43 Wis. 197, 208; *Palica v. Palica,* 114 Wis. 236, 240; 14 Cyc. 786; *Smith v. Smith,* 139 Mich. 133; *State ex rel. Brown v. Brown,* 31 Wash. 397, 62 L. R. A. 974.

For the respondent there was a brief by *Giles Putnam,* attorney, and *Rubin & Lehr* and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. Walmsley.*

VINJE, J.   On the 8th day of August, 1908, a judgment of divorce was granted to the plaintiff from the defendant, wherein, pursuant to a stipulation between the parties, it was adjudged that the defendant should pay the sum of $23 per month to plaintiff for her support and that of their infant child, about five years of age.   She was also given the household furniture.   At the time of the divorce the defendant, who was a railroad conductor, was earning from $100 to $150 per month.   Afterward the defendant obtained an order to show cause why the provision in the judgment relating to alimony should not be modified by requiring a less sum to be paid.   The defendant, in the affidavit upon which the motion was based, alleged that he remarried; that he owned no property whatever; that he was thirty-five years old, a railroad

conductor, and had not for the last two years earned to exceed $97 per month; that he had to contribute to the support of his aged mother; and that, owing to the increased cost of living and the decrease in his earning capacity, the payment of the monthly sum of $23 was excessive. In opposition to this affidavit plaintiff alleged that her cost of living had increased; that she did not earn to exceed $8 per month as a seamstress, which was the vocation she followed; that she had incurred some expense to collect unpaid delinquent alimony; that she was thirty years old, but had been troubled somewhat by weak eyes which interfered greatly with her ability to sew; that the value of the household furniture over and above the incumbrance thereon did not exceed $200. She alleged further, upon information and belief, that the defendant was earning a sum exceeding $150 per month, and prayed that the amount of alimony be increased to $30 per month.

Upon substantially this proof the court entered an order modifying the allowance of alimony from $23 per month to $18 per month, and we are asked to reverse it. The amount to be allowed was a matter within the sound discretion of the trial court, and we cannot set aside the order unless there was an abuse of such discretion. The decision of the trial court in the allowance of alimony will not be disturbed unless manifestly unjust. *Hooper v. Hooper,* 102 Wis. 598, 600, 78 N. W. 753; *Van Trott v. Van Trott,* 118 Wis. 29, 94 N. W. 798. We are unable to say that there was any abuse of discretion or that the allowance made was manifestly unjust, and the order must therefore be affirmed.

*By the Court.*—Order affirmed.