GOERNER, Respondent, vs. GOERNER, Appellant.

*October 18—November 13, 1923.*

*Divorce: Alimony: Discretion of court.*

The allowance of alimony is largely within the discretion of the trial court.  p. 19.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Modified and affirmed.*

This case was once before this court and is reported in 177 Wis. 603, 187 N. W. 976, 1023.   This court reversed the judgment of the trial court and directed that an accounting be had so as to restore the parties as near as may be to the status preceding the commencement of the action. Pending the final accounting the plaintiff was in possession of the real property and collected all of the rents and income therefrom.   During the period of her occupancy she also disbursed certain sums for principal and interest due upon the loan and for certain repairs, taxes, and some improvements.   Upon the accounting the court directed that of the sum of $1,300 in the hands of the clerk of the court $1,152.99 should be paid to the plaintiff and that the remainder thereof should belong to the defendant; and also held that the use of a part of the premises occupied personally by the plaintiff should be offset against alimony during the same period, and allowed nothing to the defendant on account of the use of that part of the premises by the plaintiff.   From judgment entered accordingly the defendant appeals.

For the appellant there were briefs by *Roehr & Steinmetz*, attorneys, and *Julius E. Roehr*, of counsel, and oral argument by *Ida E. Luick*, all of Milwaukee.

*Henry S. Sloan* of Milwaukee, for the respondent.

ROSENBERRY, J.   The amount allowed by the court for alimony by way of offset against the use of the premises occupied by the plaintiff personally would amount to about $75 per month.   We cannot say that this is an unreasonable or improper allowance.   The matter being largely within the discretion of the trial court, the conclusion of the trial court in that respect is therefore affirmed.

The court found that the plaintiff was chargeable with rent amounting to $2,651.   It is the contention of the defendant that there should be added to this sum the amount of $28 costs allowed in this court and the sum of $92 paid to plaintiff's attorneys for her account, and in this contention we think the defendant is right and that plaintiff should be charged, therefore, with the sum of $2,771.   As appears from the record, the amount of the items for which the plaintiff claims credit is $2,532.90.   Although the court found the amount $2,873.99, we find no support in the evidence for that finding.   Of the amount claimed by plaintiff the defendant objects to the following items:

| | | |
|---|---|---|
| Dengel bill—work in restaurant | $119 | 70 |
| Hollitz—restaurant equipment, smoke flue and hood in kitchen | 33 | 45 |
| Egan—restaurant repair work (some done in 1920 and no part of the accounting) | 13 | 60 |
| | 3 | 15 |
| Friend—restaurant work | 1 | 00 |
| Weden—paint for restaurant | 4 | 00 |
| Labor (charged twice) | 10 | 00 |
| Interest item paid John Hoffman Realty Co. | 40 | 70 |
| Amount of discount allowed by Buestrin Construction Co., but charged at the full amount of the bill | 17 | 93 |
| Total | $243 | 53 |

Upon the record we are of the opinion that the contention of the defendant in this respect should be sustained, making the total amount to plaintiff's credit $2,289.37, leaving the amount due the defendant on account of excess of receipts over disbursements of $481.63.   Of the $1,410 paid into

court $110 had been paid to plaintiff prior to the accounting, leaving in the hands of the court $1,300. Deducting the amount due the defendant from the $1,300 remaining on deposit leaves $818.37. Therefore $818.37 should have been paid to the plaintiff as her separate estate and the remainder paid to the defendant. The judgment appealed from is modified accordingly, and as so modified is affirmed, the defendant to recover costs in this court.

*By the Court.*—It is so ordered.