LITTIG, Appellant, vs. LITTIG, Respondent.

*November 9—December 6, 1938.*

■■■■■■■■■■■■

*Wm. R. Curkeet* and *Spencer A. Lucas,* both of Madison, for the appellant.

For the respondent there was a brief by *Tenney & Davis* of Madison, and oral argument by *Dudley H. Davis.*

NELSON, J.   The facts appearing from the judgment roll and affidavits submitted on· the hearing are not in dispute. The plaintiff and defendant intermarried on July 22, 1922. As a result of said marriage a son was born to· the parties on June 30, 1927.   On February 9, 1934, the plaintiff commenced an action of divorce against the defendant, asserting as grounds therefor the cruel and inhuman treatment of the plaintiff by the defendant.   On June 6, 1934, the parties en-

tered into a written stipulation which among other things provided:

"That during the time that plaintiff occupies the home defendant will pay her the sum of $100 per month as alimony and support for the child; that thereafter he shall pay the sum of $150 per month for alimony and support money."

A judgment of divorce was thereafter entered, which provided "that the defendant Lawrence Littig pay to the plaintiff, Elsie Littig, the sum of $100 per month as a suitable allowance for her support and the support of her child until August 15, 1934 [when she was to vacate the home]; that thereafter said defendant pay the sum of $150 a month to the plaintiff for her support and the support of her child." The allowances for the support of the plaintiff and the minor child, whose custody was awarded to her, were paid by the defendant up to the time that the order appealed from was entered. On October 28, 1937, upon defendant's motion, an order was issued out of said court requiring the plaintiff to show cause why the judgment entered June 8, 1934, should not be modified in respect to the matter of alimony, the custody of the minor child and other matters in relation thereto, as to the court might' seem just and equitable. After due hearing, the court denied the defendant's motion to modify the judgment. The court, in its decision, said:

"The next question then is whether or not the request of the defendant to be relieved of what he alleges to be an unjust burden with reference to the support of Mrs. Littig, in view of his present situation, should be granted.

"An examination of the affidavit marked Exhibit 1, indicates that the defendant's financial condition, as far as actual assets and liabilities are concerned, is not a great deal different from what it was at the time of the divorce. Of course, it is true that his income has increased over what it was at the time of the divorce action, but it is also true that his expenses have increased with the rise in prices, cost of living and so forth. It is a matter of serious consideration

to determine just how long one should be required to support his ex-wife after a divorce. There is no hard and fast rule that I know of, and none has ever been cited to this court, and I think if there was, one would have been cited during the numerous cases that this court has had to decide involving such question. There is no slide rule to guide the court. It is indeed difficult to determine just how long the support should continue. The parties here have been divorced three years and over. From the set-up as now put forth by the defendant, it would appear that while he is growing older every year his net worth does not seem to increase very much. Whether he should be required to maintain his *status quo* year after year,—I mean by that that he should use up all of his income so that he would be dependent entirely upon the social security program of the government in years to come, of course, is a question. I, personally, do not believe that a man should be required to contribute to the support of his wife where the circumstances are as they are here indefinitely.

"With all this in mind the court, at this time, is not going to make any change in the order heretofore entered with reference to the payment of support and alimony, but the court will entertain a motion about six months from now by either party for a division of property. By that time the parties will have been divorced and separated for about four years. If·the parties, through their counsel, can meet on some common ground and arrange for a division and submit the same to the court and the court feels it is satisfactory, the court will approve it; but, in the event that they cannot get together, then as I said before the court will entertain an application from either party for a request of a division of property in May or June, 1938."

An order was entered which dismissed the defendant's motion but which ordered that either party might, after June 8, 1938, apply to the court for an order modifying the judgment. On June 1, 1938, an order was issued requiring the plaintiff to show cause on June 17, 1938, why the judgment entered on June 8, 1934, should not be modified as to the matter of alimony, and a final division of property made in lieu thereof. Due hearings were thereafter had in pursuance

of said order. From the affidavits submitted it appeared that the defendant had married again; that his financial condition was substantially the same as when the divorce was entered; that his net worth was less than $1,000; that his salary at the time of the entry of judgment was $4,800 per year, and that his salary and earnings at the time the order to show cause was heard amounted to $6,000 per year. An order modifying the judgment as hereinbefore recited was entered June 30, 1938. The order contains the following recitation:

"A review of the evidence discloses that the defendant's financial condition has not changed to any great extent since the date of the decree of divorce. While his actual income has increased his expenses have similarly increased, and it appears to the court that it is not at all likely there will be any change in the financial affairs of the parties if the present situation continues to prevail. As was stated by this court upon a previous application for a modification of the judgment herein it is a matter of serious consideration to determine just how long one should be required to support an ex-wife after a divorce. There is no hard and fast rule governing the division of property in a divorce action. The Wisconsin cases seem to hold that the division of property is peculiarly a matter resting in the discretion of the court to the end that justice and equity may be done. It is unnecessary to review and incorporate in this order the facts and circumstances in this case as they are all in the record in detail, and counsel in their respective briefs have set forth at length practically all of the statutes and court decisions applicable to the same."

The plaintiff contends that the court abused its discretion in so ordering a modification of the judgment. It is well established, both in this state and elsewhere, that the husband's duty to support his wife does not cease upon their becoming divorced. In *Campbell v. Campbell,* 37 Wis. 206, 213, it was stated:

"The statute clearly recognizes the continued claim of the wife to support from her husband, notwithstanding the divorce, except in case of her adultery."

In *Thomas v. Thomas,* 41 Wis. 229, 233, it was said:

"The primary duty to support both mother and child remains with the defendant, notwithstanding the divorce."

To the same effect are *Maxwell v. Sawyer,* 90 Wis. 352, 63 N. W. 283; *Von Trott v. Von Trott,* 118 Wis. 29, 94 N. W. 798; *Salinko v. Salinko,* 177 Wis. 475, 188 N. W. 606; *Towers v. Towers,* 184 Wis. 188, 199 N. W. 75. There is in our law no basis for the observation of the trial court that "it is a matter of serious consideration to determine just how long one should be required to support an ex-wife after a divorce." Sec. 247.26, Stats., provides in part:

"Upon every divorce from the bond of matrimony for any cause excepting that of adultery committed by the wife, . . . the court may further adjudge to the wife such alimony out of the estate of the husband, for her support and maintenance, . . . as it shall deem just and reasonable."

That section also provides that "the court may finally divide and distribute the estate, both real and personal, of the husband, . . . having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case." At the time the judgment of divorce was entered, the court did not divide the estate of the defendant but granted an allowance to the plaintiff for her support based upon the stipulation entered into by the parties. Sec. 247.32, Stats., specifically authorizes the court from time to time, on the petition of either of the parties, to revise and alter a judgment of divorce respecting the amount of alimony or allowance for the support and maintenance of the wife.

The plaintiff contends that while sec. 247.32, Stats., authorizes the court to revise and alter a judgment of divorce in respect to alimony or allowance to the wife, a revision which cuts down the allowance or does away with it entirely, is not

properly made when it appears that there is no misconduct on the part of the wife, and when it appears that the earnings and income of the husband are considerably greater than they were at the time the stipulation was made and the judgment entered. Ordinarily, the amount to be allowed for the support and maintenance of a divorced wife will not be disturbed unless manifestly unjust. *Hooper v. Hooper,* 102 Wis. 598, 78 N. W. 753; *Newton v. Newton,* 145 Wis. 261, 130 N. W. 105; *Gauger v. Gauger,* 157 Wis. 630, 147 N. W. 1075; *Goerner v. Goerner,* 182 Wis. 18, 195 N. W. 879; *Voegeli v. Voegeli,* 204 Wis. 363, 236 N. W. 123; *Luedke v. Luedke,* 215 Wis. 303, 254 N. W. 525. But this court may on appeal from such orders always determine whether such orders amount to an abuse of discretion or result in manifest injustice.

The order complained of purported to be an order for a final division of property, in lieu of any further alimony or allowance to the plaintiff. The order in fact, however, provided for the payment to the plaintiff of instalments of $100 per month for twelve months only, or, at the option of the defendant, of the sum of $1,000 cash on or before July 15, 1938. If the order be considered as one continuing the alimony payments for only twelve additional months it was obviously unfair and unjust and in violation of the rule which requires a husband to support his divorced wife or reasonably to contribute to her support. The duty to support a divorced wife should not so lightly be discharged. If, however, the order be considered as one for a final division of the defendant's property, it is, in our view, equally unfair, inequitable, and unjust. The defendant concededly has little, if any, property which could be divided. He has, however, a salary of $6,000 per year. Under such circumstances, it should not be held that the defendant's duty to support the plaintiff may be discharged by paying to her the

sum of $1,000 as and for a final division of his property. Doubtless the burden of paying alimony to the plaintiff and paying the expenses of maintaining his own home is not a light one, but that fact does not constitute a sufficient reason for relieving him. *Palica v. Palica,* 114 Wis. 236, 90 N. W. 165.

While the amount of an allowance for the support and maintenance of a divorced wife is generally a matter resting in the discretion of the court, is variable, revocable, and subject to the continuing authority of the court to change it, ordinarily it should not be changed, especially where the amount thereof has been stipulated, unless there has occurred a substantial change in the premises on which it was originally granted. See *Campbell v. Campbell, supra; Bacon v. Bacon,* 43 Wis. 197; *Ashby v. Ashby,* 174 Wis. 549, 183 N. W. 965.

The plaintiff further contends that the trial court abused its discretion in denying her any allowance with which to pay her attorneys. The motion to modify the judgment was made by the defendant. The plaintiff had the right to oppose that motion and to be represented by counsel. The court in our opinion should have ordered the defendant to pay reasonable attorney's fees to her or to her attorneys. Upon the return of the record to the trial court, the defendant should be ordered to pay to the plaintiff or to her attorneys an amount deemed reasonable by the trial court for the services rendered in preparing for and appearing at the hearing on the order. *Blake v. Blake,* 70 Wis. 238, 35 N. W. 551.

The plaintiff further contends that the court erred in denying her motion for attorney's fees and appeal money. The motion for such fees, etc., was not made until the record had been returned to this court. No appeal was taken from the order denying such motion. In response to the plaintiff's contention, we may say that it is clear that the motion was not timely since it was not made "prior to the return of the

record to this court." Sec. 251.431, Stats. (Supreme Court Rule 43a.) The denial of that motion for the reasons stated was not error.

*By the Court.*—Order reversed, and cause remanded with directions to set aside the order appealed from. Plaintiff to have her costs in this court.