HAHN, Appellant, vs. HAHN, Respondent.

*April 8—May 13, 1947.*

*Max Raskin,* attorney, and *Marvin Holz* of counsel, both of Milwaukee, for the appellant.

For the respondent there was a brief by *Leo W. Slensby,* attorney, and *Fred C. T. John* of counsel, both of Milwaukee, and oral argument by *Mr. Slensby.*

WICKHEM, J.   The parties were married July 20, 1940, and have two children, ages five and three, respectively.   The parties separated in February, 1946.   Plaintiff has outstanding bills of $710.02, $200 of which was borrowed to meet immediate expenses for food.   During this period plaintiff received a total of $460 from defendant.   The parties owned about $5,000 in various securities, and in 1941 bought a Pontiao car to which plaintiff had contributed $530, out of $680 received as damages for personal injuries sustained when she

was a child. The balance of the sum was spent for confinement expenses. The parties have a meager inventory of household furniture. Plaintiff lives with her mother, pays $40 a month rent. Defendant is a lieutenant colonel in the army air corps. His monthly salary is $663.24. In 1947 his base pay will be increased five per cent because of nine years' service. The base pay of his present rank is $300 per month to which is added flying pay amounting to one half of base pay, making a total of $450 per month. The balance of what we have designated "salary" is made up of allowances for rental, subsistence of defendant and his wife and children and, as we understand the record, portions of this must go for defendant's separate subsistence when living apart from his family. There is in prospect due to termination of hostilities reduction in his permanent rank to first lieutenant. This would involve a reduction in his base pay to $175 per month plus certain longevity allowances. His total income, if reduced to this rank, would be a few dollars over $400 per month, provided his allowance for flying pay was not cut off. The judgment provided that defendant pay $100 per month support money for the children, subject to such further allowances as might later be made by the court for unusual and extraordinary expenses. It is further provided as a final division of the estate that defendant pay plaintiff the sum of $530 cash, $2,500 cash or securities, plaintiff to pay her current household bills and the items of indebtedness incurred by her and heretofore referred to.

Plaintiff claims that the trial court abused its discretion in not allowing her alimony in addition to the division of estate above referred to. We are of the view that plaintiff's contention must be sustained. Plaintiff is a young woman, twenty-seven years of age, with two small children. While the allowance for the children is sufficient to maintain them, the failure to make any allowance for her support will mean that she must seek full-time employment in order to meet expenses

of the household which the evidence shows run to $200 a month or thereabouts. Defendant's income is at present sufficient to warrant alimony and, indeed, his salary contains a considerable allowance for dependents. While there is a prospect that defendant will be reduced in rank and pay in the near future that event has not occurred and if it does his salary will still be enough to pay some alimony so that plaintiff will not be required to seek full-time employment. This we regard as essential if the children are to have the care which they should have and which is practicable in view of defendant's income. The alimony is, of course, subject to such reduction as may later appear to be just in view of the changed circumstances of the parties, but we think that plaintiff ought not to be permanently barred from alimony and that on the basis of present circumstances an allowance to her of $50 a month should have been made. In this connection see *Gray v. Gray,* 240 Wis. 285, 3 N. W. (2d) 376. If this is done, the division of estate appears to us to be fair and the requirement that plaintiff pay her attorney's fees out of her portion is not subject to criticism.

The trial court put some weight upon the fact that plaintiff is a young and attractive woman with prospects of remarriage and that the parties had not been living together for any great length of time. This is a speculative factor in view of the fact that plaintiff has two small children and, in any case, we think that whatever weight it is entitled to is less than that involved in the desirability of permitting plaintiff to spend at least most of her time at home taking care of her children.

*By the Court.*—The portion of the judgment appealed from is reversed, and cause remanded with directions to enter judgment in accordance with this opinion.