BALDWIN, Appellant, vs. BALDWIN, Respondent.

*June 9—July 1, 1948.*

202

For the appellant there was a brief by *George W. Taylor,* attorney, and *Matt Taylor* of counsel, both of Kenosha, and oral argument by *Matt Taylor.*

For the respondent the cause was submitted on the brief of *Vaudreuil & Vaudreuil* of Kenosha.

HUGHES, J. The principles of law upon this subject are thoroughly discussed in *Littig v. Littig* (1938), 229 Wis. 430, 437, 282 N. W. 547, where the court said:

"Ordinarily, the amount to be allowed for the support and maintenance of a divorced wife will not be disturbed unless manifestly unjust. *Hooper v. Hooper,* 102 Wis. 598, 78 N. W. 753; *Newton v. Newton,* 145 Wis. 261, 130 N. W. 105; *Gauger v. Gauger,* 157 Wis. 630, 147 N. W. 1075; *Goerner v.*

*Goerner,* 182 Wis. 18, 195 N. W. 879; *Voegeli v. Voegeli,* 204 Wis. 363, 236 N. W. 123; *Luedke v. Luedke,* 215 Wis. 303, 254 N. W. 525. But this court may on appeal from such orders always determine whether such orders amount to an abuse of discretion or result in manifest injustice." See also *Hahn v. Hahn* (1947), 250 Wis. 397, 27 N. W. (2d) 359.

Application of those principles to the facts disclosed by the record in this case indicates clearly an abuse of discretion by the trial court.

While the record does not show the value of the defendant's interest in the Baldwin Coal Company, it is fair to assume that it must have some substantial worth, and to that extent his estate has been improved since the divorce.

The income of the plaintiff from earnings, and alimony and support payments from the defendant under the original judgment, was approximately $219 per month; and that is all she had with which to care for herself and the child.

The defendant still has his salary of $200 per month, plus a bonus of $756 in 1946, and profits of $166 for the year 1945. Respondent points out that the record is silent with respect to 1947, and that, therefore, this court must assume his earnings for 1947 to be $2,400. We do not believe that this follows in the absence of proof. The year 1946 was his best income year, and it must have been such because of his interest in the coal company by which he is employed. It is fair to presume that it is a going concern making profits, and defendant is entitled to substantially one fourth of those profits over and above his salary.

While, as the trial court points out, increased cost of living may add to the burdens of the defendant, it likewise has increased for the plaintiff.

In *Thomas v. Thomas* (1876), 41 Wis. 229, 233, it was said:

"The primary duty to support both mother and child remains with the defendant, notwithstanding the divorce." See *Littig v. Littig, supra.*

The courts cannot relieve a husband of his legal obligation simply because he may find the discharge of such obligation burdensome.

The plaintiff further contends that the trial court abused its discretion in denying her an adequate allowance with which to pay her attorneys. The motion to modify the judgment was made by the defendant. The plaintiff had the right to engage counsel to oppose that motion. Upon the return of the record to the trial court, the defendant should be ordered to pay to the plaintiff or her attorneys an amount deemed reasonable by the trial court for the services rendered. *Littig v. Littig, supra; Blake v. Blake* (1887), 70 Wis. 238, 35 N. W. 551.

In view of the foregoing, the court is of the opinion that the order appealed from should be vacated without specific directions for an order in substitution therefor, which re-establishes the provisions of the original judgment.

*By the Court.*—Order reversed, and cause remanded with directions to vacate the order appealed from. Plaintiff to have her costs in this court.