BORCHERS, Respondent, vs. BORCHERS, Appellant.

*January 20—February 15, 1949.*

304

*Randolph R. Conners,* attorney, and *Frederick F. Hillyer* of counsel, both of Madison, for the appellant.

*L. C. Gunderson* of Madison, for the respondent.

MARTIN, J. It is well established, both in this state and elsewhere, that the husband's duty to support his wife does not cease upon their being divorced. *Campbell v. Campbell* (1875), 37 Wis. 206, 213; *Thomas v. Thomas* (1876), 41 Wis. 229, 233; *Littig v. Littig* (1938), 229 Wis. 430, 436, 282 N. W. 547; *Baldwin v. Baldwin* (1948), 253 Wis. 200, 33 N. W. (2d) 198.

The evidence shows the defendant's gross income to be about $185 per month, and the plaintiff's potential income from $125 to $175 per month. She is not earning that at the

present time, but she is capable of earning that particular amount of money.

The allowance of $25 per month permanent alimony and $30 per month support money for the child is inadequate for the support of both the plaintiff and the child. Additional income must be secured through her own efforts. It is very evident that $55 per month will not cover the cost of maintenance of plaintiff and child.

There will be deducted from the defendant's monthly income of $185, about $25 per month for income and social security taxes, and $55 permanent alimony and support money, leaving a remainder of $105 for the defendant. While the sum is not large, defendant's financial position is better than that of the plaintiff and their minor child.

Even though the burden may be onerous, the obligation of support is present and must be recognized.

It is stated in *Baldwin v. Baldwin, supra* (p. 204) :

"The courts cannot relieve a husband of his legal obligation simply because he may find the discharge of such obligation burdensome."

It is also stated in *Littig v. Littig, supra* (p. 438) :

"Doubtless the burden of paying alimony to the plaintiff and paying the expenses of maintaining his own home is not a light one, but that fact does not constitute a sufficient reason for relieving him. *Palica v. Palica,* 114 Wis. 236, 90 N. W. 165."

In *Hahn v. Hahn* (1947), 250 Wis. 397, 27 N. W. (2d) 359, the plaintiff wife was granted a divorce after a comparatively short marriage. The judgment provided support money for the children in the amount of $100 a month, and provided for a final division of the estate, but did not provide for alimony. It is stated (p. 400) :

"The trial court put some weight upon the fact that plaintiff is a young and attractive woman with prospects of remarriage and that the parties had not been living together for

any great length of time. This is a speculative factor in view of the fact that plaintiff has two small children and, in any case, we think that whatever weight it is entitled to is less than that involved in the desirability of permitting plaintiff to spend at least most of her time at home taking care of her children."

The decision of the lower court was reversed and sent back for an award of alimony in conjunction with the award of support money.

We find nothing in the record in this case indicating any abuse of discretion by the trial court, or that the allowance made was manifestly unjust. See *Gray v. Gray* (1942), 240 Wis. 285, 3 N. W. (2d) 376.

The requirement that the defendant shall pay extraordinary medical and dental expenses for the child which exceed $10 for any item or period of illness is reasonable because the plaintiff must also share in the payment of medical and dental expenses as to items under $10.

The defendant agreed to the determination and payment of attorney fees for plaintiff's counsel on appeal, together with the disbursements. Notice was served on the defendant for the determination of attorney fees and disbursements for plaintiff's attorney on defendant's appeal to the supreme court before the trial court at the courthouse in Milwaukee. The defendant did not appear at the hearing but filed an affidavit of prejudice against the court. The trial court in passing upon the matter stated:

"I think that the sum of $250 is very fair and reasonable, considering all the circumstances of this case, and direct the payment of that sum. That is, $250 for attorney fees and $80 for the printing costs, as heretofore directed."

The order providing for attorney fees and disbursements on the appeal is reasonable and shows no abuse of discretion by the trial court and is, therefore, affirmed.

*By the Court.*—Judgment and order affirmed.

HUGHES, J., took no part.