TONJES, Appellant, v. TONJES, Respondent.

*April 27—June 2, 1964.*

For the appellant there were briefs by *James R. Mattison* and *Becker, Kinnel, Doucette & Mattison,* all of Milwaukee, and oral argument by *James R. Mattison.*

For the respondent there was a brief by *Welsh, Trowbridge, Bills, Planert & Gould* of Green Bay, and oral argument by *Fred N. Trowbridge.*

WILKIE, J. The sole question presented on this appeal concerns alimony. The issue may be framed more precisely as follows: When a wife has demonstrated living expenses of $600 per month as being necessary to maintain the economic and social status to which she had become accustomed during a marriage of twenty-two years, did the trial court abuse its discretion in determining that alimony payments of $150 per month are adequate in light of (1) a division of estate granting her 36 percent of a total marital estate of $83,516.64; (2) an independent inheritance, or separate estate, of $98,000 yielding $260 income per month; (3) $100 per month support payments for a minor child; and (4) the fact that she was the "guilty party" causing the divorce?

The property of the parties which was subject to division is as follows:

| Solely Owned Property of Husband | Source | Value at time of divorce |
|---|---|---|
| Securities | Inheritance from husband's mother | $19,697.06 |
| Securities | Inheritance from wife's parents | 15,421.88 |
| U. S. Bonds | Husband's earnings | 137.04 |
| Joint Property | | |
| U. S. Bonds | Husband's earnings | 2,262.60 |
| Securities | Gift from husband's aunt prior to marriage | 2,554.00 |
| Residence (equity) | Husband's earnings | 24,272.23 |
| Wife's securities derived from husband | | 985.00 |
| | | 65,329.81 |

| | |
|---|---:|
| Cash value husband's life insurance | 8,900.00 |
| | $74,229.81 |
| Husband's interest in furniture, furnishings, equipment, and library of law firm (all assets except cash and accounts receivable) | 1,707.86 |
| | 75,937.67 |
| Husband's other interest in law firm | |
| (a) Accounts receivable | 2,578.97 |
| (b) Law firm cash items | 5,000.00 |
| | $83,516.64 |
| Household furniture, furnishings, and equipment | not valued |
| 1956 Chrysler and 1954 Dodge automobiles | not valued |

Under sec. 247.26, Stats., Mrs. Tonjes was awarded a $30,000 homestead free from all encumbrances, except the 1963 real-estate tax, her husband being required to assume a mortgage of $5,728. She also received all household furniture and equipment, except certain personal items belonging to Mr. Tonjes, and a 1956 Chrysler automobile. The remaining estate, having a stipulated value of $53,516.64, was awarded to Mr. Tonjes. Therefore, Mrs. Tonjes received approximately 36 percent of the estate.

At the trial, Mrs. Tonjes established living expenses of $600 per month, which figure included real-estate taxes, food, and clothing expenses for herself and young John, insurance premiums, utilities, automobile operating costs, and entertainment and recreation expenses for herself and her son. This figure is not contested by Mr. Tonjes; rather he argues that under the circumstances of this case, the trial court should not have ordered the payment of any alimony, but, if it was correct for the court to order alimony, then the court properly exercised its discretion in requiring him to make alimony payments of only $150 and support payments of $100.

Upon termination of the marriage relationship, a husband has a continuing obligation to support his wife at the social and economic status to which she had become accustomed during the marriage.[1] Although the division of an estate pursuant to sec. 247.26, Stats., is influenced to a degree by the conduct of the parties during the marriage, and by the wife's direct and indirect contributions to the estate during the marital relationship, the court may also consider a wife's future needs, and her ability to satisfy them from her special estate, or from her potential earning power when making a division pursuant to sec. 247.26.[2] Although analytically severable for some purposes,[3] considering that a division of estate reflects a judgment as to the wife's material and non-material contributions during marriage, both alimony payments and division of the estate are means whereby a husband meets the obligation to support his wife in the status to which she was accustomed.[4] Therefore, the same factors to be considered in making a division of estate may be considered to determine the amount of an alimony payment.

Mr. Tonjes has, for the past ten years, averaged $22,000 per year as income from his law practice. Given Mr. Tonjes' potential earning power, in addition to his property holdings of $53,000, he has the means to satisfy his wife's living expenses of $600, without significantly reducing his own standard of living.

[1] *Caldwell v. Caldwell* (1958), 5 Wis. (2d) 146, 92 N. W. (2d) 356; *Bunde v. Bunde* (1955), 270 Wis. 226, 70 N. W. (2d) 624; *Borchers v. Borchers* (1949), 254 Wis. 302, 36 N. W. (2d) 79.

[2] *Kronforst v. Kronforst* (1963), 21 Wis. (2d) 54, 123 N. W. (2d) 528; *Schneider v. Schneider* (1961), 15 Wis. (2d) 245, 112 N. W. (2d) 584.

[3] *Brackob v. Brackob* (1952), 262 Wis. 202, 54 N. W. (2d) 900.

[4] *Kronforst v. Kronforst, supra; Miner v. Miner* (1960), 10 Wis. (2d) 438, 103 N. W. (2d) 4; *Bunde v. Bunde, supra.*

However, the fact that a husband has the resources to satisfy his wife's continuing needs does not in and of itself justify imposing this liability on him. Only if the wife has no independent estate of her own, and/or lacks earning capacity, would the husband's relative affluence be a determinative factor in his alimony liability.[5] Even under these circumstances, the court could properly consider the conduct of the parties during the marriage in making nonpunitive adjustments.

In the instant case, Mrs. Tonjes has an independent estate of $98,000, which produces an income of $260 per month. The trial court could within its discretion properly conclude that Mrs. Tonjes could apply the $260 a month income from her inheritance to her living expenses of $600. To hold otherwise would be to eliminate the separate estate of the wife variable from consideration in assessing the obligation to continue support. However, the $260 income from her estate, and the $250 provided by Mr. Tonjes for alimony and support, pursuant to the divorce judgment, still fall short of the proven expenses of $600. To continue living in the status to which she had become accustomed, Mrs. Tonjes would have to invade the corpus of her inheritance. She has no future income earning capacity.

It is clear that the trial court considered this necessary invasion a proper result in view of the fact that Mrs. Tonjes was the "guilty" party in the divorce. While the trial court may consider the deliberate misconduct of the parties during the course of the marriage as a factor bearing upon division of estate and alimony payments by resolving certain ambiguities in economic position against the erring partner, he cannot utilize this variable as a device to affirmatively punish the "guilty" party.[6] To require Mrs. Tonjes, who is

---

[5] *Kronforst v. Kronforst, supra.*

[6] *Kronforst v. Kronforst, supra; Trowbridge v. Trowbridge* (1962), 16 Wis. (2d) 176, 114 N. W. (2d) 129; *Knutson v. Knutson* (1961), 15 Wis. (2d) 115, 111 N. W. (2d) 905.

in all probability unemployable, to invade the corpus of her inheritance to maintain her standard of living, to the extent of $90 per month, while her husband's ability to pay is sufficient to pay at least a portion of this $90 without affecting his standard of living, can only be viewed as a punishment for her conduct during marriage.

We conclude that it was an abuse of discretion, under the circumstances as they existed at the time of the divorce, for the trial court to require the plaintiff to contribute from her corpus the full $90 needed to meet her proven expenses, and that ordering monthly alimony payments by Mr. Tonjes of $200 would achieve an equitable result, given Mrs. Tonjes' unemployability, her separate estate, Mr. Tonjes' ability to pay and the conduct of the parties leading up to the divorce.

Therefore, we conclude that the judgment should be modified so that Mr. Tonjes' alimony payments are increased from $150 per month to $200 per month.

Because a total denial of alimony would be an even more punishing result, Mr. Tonjes' claim in his petition for review is rejected.

*By the Court.*—Judgment is modified to increase alimony payments from $150 to $200 per month and, as so modified, affirmed.

DIETERICH, J., dissents.