STOWE, Plaintiff, v. STOWE, Defendant. [Two appeals.]

*March 3—April 12, 1966.*

For the plaintiff there was a brief and oral argument by *Walter J. Steininger* of Milwaukee.

For the defendant there was a brief by *Phillips, Hoffman & Phillips* of Milwaukee, and oral argument by *N. Paley Phillips*.

CURRIE, C. J. The issue with respect to defendant's appeal from that part of the order which modified the

alimony provision of the divorce judgment is whether the trial court abused its discretion in not suspending the payment of alimony payments entirely.[1] The trial court made no findings which are disputed by defendant. Thus the rule, that the findings of fact of a trial court on a question of modifying provisions of a divorce judgment with respect to alimony or child-support payments, will not be reversed unless against the great weight and clear preponderance of the evidence, is inapplicable here.[2]

Defendant's application to suspend the $80 per month alimony payments is grounded upon the change of circumstance which has occurred because of the greatly increased earnings of plaintiff since the divorce. She has completed her training as a social worker and now has full-time employment at the Milwaukee County Psychiatric Clinic. Her gross salary in 1964 was $8,000 and her net take-home pay for that year after all deductions was $5,839.86. Among the deductions was a five percent deduction of $400 for the year for a retirement annuity. Her gross earnings in 1959 at the time of the divorce, as a part-time worker, were $2,888.

Defendant's 1964 gross income was $11,324 and his net income after deductions including income and F.I.C.A. taxes was $8,635, while his gross and net incomes for 1959 were $8,540.23 and $7,407.83, respectively.

The divorce judgment expressly provided that after plaintiff had completed her preparatory training and had obtained a position reflecting such advanced education the alimony provision was to be redetermined. That contemplated event has occurred and plaintiff's net in-

[1] See *Jackson v. Jackson* (1962), 16 Wis. (2d) 61, 64, 113 N. W. (2d) 546; *Bradley v. Bradley* (1960), 9 Wis. (2d) 523, 530, 101 N. W. (2d) 628; *Anderson v. Anderson* (1959), 8 Wis. (2d) 133, 142, 98 N. W. (2d) 434; *Littig v. Littig* (1938), 229 Wis. 430, 437, 282 N. W. 547.

[2] *Chandler v. Chandler* (1964), 25 Wis. (2d) 587, 590, 591, 131 N. W. (2d) 336.

come after deductions of $5,839.86 renders her self-supporting. Ordinarily this would be sufficient reason to relieve defendant from the requirement of contributing to her further support so long as this condition continues.

Plaintiff urges that defendant has a continuing obligation to support her at the social and economic status to which she has been accustomed during marriage.[3] In support of this argument, plaintiff stresses an exhibit prepared by her and introduced in evidence at the hearing before the trial court. This exhibit is a list of the monthly estimated expenses of maintaining herself and the two children and the total is $774.95 per month or in round figures $9,300 per year. As against this her total income for the support of herself and two children is:

| | |
|---|---:|
| Her net earnings | $5,840.00 |
| Child support payments by defendant | 2,232.00 |
| Alimony at $40 per month | 480.00 |
| | $8,552.00 |

Thus, according to plaintiff's figures the payment of alimony and support money on the basis of the order appealed from falls approximately $748 short per year of meeting the financial needs of plaintiff and the children.

There are at least three reasons why we are not persuaded by plaintiff's arguments. First, the record does not support the view that plaintiff during her married life was accustomed to living in the manner in which she is presently living as indicated by her list of estimated expenses. The divorce judgment required defendant to pay three outstanding notes in the

---

[3] Cases so holding are *Radandt v. Radandt,* ante, p. 108, 112, 140 N. W. (2d) 293; *Tonjes v. Tonjes* (1964), 24 Wis. (2d) 120, 125, 128 N. W. (2d) 446; *Caldwell v. Caldwell* (1958), 5 Wis. (2d) 146, 161, 92 N. W. (2d) 356.

respective sums of $3,500, $500, and $250, and a doctor bill of $512. This indicates the parties were not living within their income. Further, at the time of divorce the automobile available for plaintiff's use was nine years old and she now drives a much newer car. Included in her estimated monthly expenses are payments of $60 per month on this car and another item of $31.33 per month car expense exclusive of car insurance. The item of car insurance is lumped with other insurance in another item of $25 per month.

Second, included in the items of her monthly expenses is a $155 payment on the mortgage on the home, of which $60 per month goes toward reduction of principal. Each year the portion of the $155 per month which will be applied on principal will increase. Thus at least $720 of plaintiff's annual estimated expenditures is not an expense at all, but a building up of a capital account. This also may be true of part of the $60 per month car expense if the part going to reduction of principal exceeds the depreciation.

Third, plaintiff's approach to expenses commingles the maintenance expense of plaintiff with that of the children. This probably cannot be avoided to some extent, but in a case such as this an attempt should be made to separate the two, although to do so may require an arbitrary apportionment of some expenses. Such an apportionment is desirable because the duration of alimony and support-money payments depend on different factors. Plaintiff attempted to make an apportionment by offering an exhibit which was excluded upon objection of opposing counsel. She urges that it was error to exclude this exhibit. This excluded exhibit allocated $447.17 of the $774.95 per month of estimated monthly expenses to the children thus leaving but $327.78 per month for plaintiff's monthly cost of maintenance. Therefore, if admitted, this apportionment would have provided

a further potent reason why the alimony payments should be entirely suspended.

We conclude that it was an abuse of discretion not to have modified the judgment provision relating to alimony so as to suspend payment of alimony until such time as a change of circumstances requires otherwise. That part of the order modifying the alimony provision of the judgment will be reversed and the cause remanded to enter a further order with respect to alimony in accordance with this opinion.

We turn now to plaintiff's appeal from that part of the order which modified the support-money payment provision of the judgment by increasing such required payment from $150 to $186 per month.

If the trial court had grounded this modification upon all the evidence adduced we would have no hesitancy in holding it did not constitute an abuse of discretion. The trial court, however, expressly grounded this increase of $36 per month in support-money payments upon the increase in percentage of defendant's net income in 1964 over what it was in 1959. While this is one of the pertinent factors to be considered, we are not satisfied that the trial court also took into consideration the present cost of supporting the children. Therefore, in the interest of justice, we reverse the support-money payment portion of the order and remand for further proceeding. In these further proceedings the court is not required to accept plaintiff's estimated cost of supporting herself and the children. The court is also free to require or permit the parties to adduce further evidence.

*By the Court.*—Order reversed, and cause remanded for further proceedings not inconsistent with this opinion. Neither party shall be entitled to tax costs on this appeal.