HOREL, Appellant, vs. HOREL, Respondent.

*December 3, 1951—January 8, 1952.*

For the appellant there were briefs by *Jenkins, Nason & Jenkins* of Stevens Point, and oral argument by *Lyle N. Jenkins.*

For the respondent there was a brief by *Fisher, Reinholdt & Peickert* of Stevens Point, and oral argument by *Clifford W. Peickert.*

BROADFOOT, J.  Upon this appeal the plaintiff attacks only that part of the judgment which provides for the division of property and the amount of support money and alimony that he is ordered to pay by the judgment, claiming each is excessive.

The plaintiff, a veterinarian, and his wife moved to Stevens Point in 1938.  In 1940 the parties purchased a home in said city, at 1242 Church street.  Later the plaintiff built a small animal hospital upon the rear of the lot upon which the home is located.  Record title to said real estate was in the name of both parties as joint tenants.  The home was occupied by the parties until plaintiff moved therefrom prior to commencing this action for divorce.

The judgment provided that the real estate and the home thereon should remain in the names of the parties as joint tenants, but awarded the small animal hospital to the plaintiff.  The judgment further provided that the defendant might occupy said dwelling house and the real estate so long as she desired, upon condition that she pay all taxes and insurance and maintain said property during her occupancy thereof.  The judgment further directed the plaintiff to execute a mortgage upon his interest in said real estate to secure said payments of alimony and support money, and further provided that should it become necessary or desirable in the future to sell said real estate, either of the parties may apply to the court for an order with respect thereto.

The house and the real estate were valued at the sum of $10,000 and the small animal hospital was valued at $2,500. The wife was also awarded the household furnishings valued at $4,250, three insurance policies with a cash surrender value of $1,731, and $5,752 in cash. The plaintiff was awarded $2,378 in cash, his accounts receivable valued at $3,500, an automobile and a jeep valued at $2,850, his veterinary equipment and supplies valued at $1,000, a life insurance policy with a cash value of $412, and $5,750 in government savings bonds. The bonds, however, were delivered to the clerk of court as security for the payments of alimony and support money. The plaintiff was directed to pay debts and obligations of the parties amounting to $1,432.15. The property of the parties, after provision for the debts, amounted to $38,690.85.

In cases where a divorce is granted to the wife the statute (sec. 247.26) provides for the division and distribution of the estate, both real and personal, of the husband and so much of the estate of the wife as shall be derived from the husband, and that title to the property shall be transferred accordingly. There should be an actual division wherever possible, and the provision of the judgment before us as to the real estate with the home and small animal hospital thereon is not a practical or equitable division.

The right of the defendant to occupy the home and real estate for an undetermined period could greatly reduce the plaintiff's interest therein. Further, the value of the small animal hospital could be greatly diminished if it should become necessary for the plaintiff to move the same from the real estate. Because of the attitude of the parties toward each other following the divorce many disputes could arise between them as to a division of taxes and with respect to maintenance of the property. The judgment should be modified to award the house and the real estate to the plaintiff, because of the location of the small animal hospital. The

judgment should be further modified to provide that the defendant and the children may occupy the house under the same terms as provided in the judgment for a period not exceeding two years, and that the plaintiff pay to the defendant the sum of $5,000 for her interest in said real estate within thirty days after she vacates the same, and that said payment of $5,000 constitute a first lien upon said real estate until paid. The judgment should be further modified to provide that the United States government savings bonds be delivered to the plaintiff so that he will be enabled to make such payment at the time the defendant vacates said premises. Future payments of support money and alimony may be made a lien upon said premises within the discretion of the county judge.

With these changes, the award to the defendant will amount to something more than forty-three per cent of their property. It has been frequently stated by this court that the division of property in divorce cases is a matter peculiarly within the discretion of the trial court, and that its determination must prevail in the absence of some mistake or error respecting the facts upon which it rests which would amount to an abuse of discretion. *Voegeli v. Voegeli,* 204 Wis. 363, 236 N. W. 123; *Littig v. Littig,* 229 Wis. 430, 282 N. W. 547; *Quigley v. Quigley,* 244 Wis. 94, 11 N. W. (2d) 638. The percentage of the property awarded to the defendant seems high, but under all the circumstances it cannot be said to be an abuse of discretion.

The plaintiff contends that his net earnings amount to approximately $5,000 per year, and that the awards for alimony and support money are excessive. Upon the trial the defendant was able to show that all of the plaintiff's income was not reflected upon his books. The trial court, in view of this testimony, determined his annual income from a computation of his net worth after allowing for the expense of supporting the family. The amount of alimony

and support money to be paid by a husband to his divorced wife is also a matter peculiarly within the discretion of the trial court. The order of February 15, 1951, denying the plaintiff's petition for a reduction of alimony and support payments was appealed from in part because the trial judge did not call in another judge to hear the matter after having mentioned that he would do so. A different county judge has taken office in Portage county and upon proper showing the plaintiff can have the matter passed upon by a different judge.

The order of November 29, 1950, required the plaintiff to pay family bills aggregating $121.78. The only argument against it is that it was additionally burdensome. From the record we cannot say that this was an abuse of judicial discretion.

*By the Court.*—The orders appealed from are affirmed. The judgment will be modified in conformity with this opinion, and as so modified it is affirmed.