Brackob, Respondent, vs. Brackob, Appellant.

*September 15—October 7, 1952.*

For the appellant there were briefs by *Eberlein & Eberlein* of Shawano, and oral argument by *Frederic C. Eberlein,*

For the respondent there was a brief by *Lloyd G. Andrews* and *Larson, Andrews & Milsap,* all of Shawano, and oral argument by *Lloyd G. Andrews.*

FAIRCHILD, J. It is conceded that the evidence supports the findings on which a judgment of divorce was granted in favor of the respondent and granting to her the custody of the children. The only questions requiring consideration on this appeal relate to the division of the estate, the allowance of alimony, the support money required of the appellant for the three children, and the awarding of attorney fees.

The trial court reached the conclusion that in the interests of all concerned a division of the estate then existing should be made, and decreed that the plan to be followed was to be that which is set forth in the statement of facts. In judging the evidence on which the division of the personal property and the real estate owned jointly by the parties is predicated, we find that much more than one half was granted to the respondent wife. A one-half portion under the circumstances of this case may well be within the limits of reasonableness. *Gauger v. Gauger,* 157 Wis. 630, 147 N. W. 1075. However, it is considered that the allowance should not exceed that portion. A serious difficulty arises here, therefore, because in an effort to balance the disadvantage of expense under which respondent would be placed in maintaining the home, paying taxes, interest on the mortgage, heating and repairing, the court below was led into making an additional allowance over ordinary alimony for the wife and support for the children. It is a result of confusing division of estate with an allowance of alimony.

Division of estate formerly was allowed in lieu of alimony. Every provision made for the support of the wife, unless separately stated to be a division of estate, for many years was presumed to be for alimony. Alimony was and is usually regarded as a personal charge upon the husband payable from his income. The practice of granting both a division of estate and alimony was not permitted prior to 1935. Ch. 379, Laws of 1935; *Westerlund v. Hamlin,* 188 Wis. 160, 205 N. W. 817. Since that date, under sec. 247.26, Stats., the court in its discretion may make provision for the division and distribution of the estate, both real and personal, of the husband and so much of the estate of the wife as shall be derived from the husband, and the title to the property shall be transferred accordingly. There should be an actual division wherever possible. *Horel v. Horel,* 260 Wis. 336, 339, 50 N. W. (2d) 673. On the other hand, a division of estate is a source out of which flows a resource to be available to the wife. It is an adjustment of property rights and equities between the parties. It is clearly distinguishable in its use and purposes from alimony and support money for dependent children, which may also be granted.

The parties to this action were married when the husband was about twenty-one years of age and the wife nineteen. They were without substantial means and entirely dependent upon the husband's capacity to earn and the wife's efforts to maintain the home. There is no evidence on which to base a finding of fault on the part of respondent, and the evidence shows that the husband was not deprived of any of the incidents of domestic life in a home well conducted by respondent. The evidence sustains the awarding of a substantial portion of the estate to the wife but not, under the circumstances here disclosed, to exceed an award in the neighborhood of fifty per cent.

Unless the property can be said to have been so distributed that such a balance indicated as proper has been preserved,

we must conclude that an excessive award has resulted. In the record, the testimony upon the trial shows there are items indicating the existence of cash and insurance policies that might well be further explored.

The important question as to how the wife can meet the exactions of maintaining the present establishment with the burden resulting from the placing upon her of expenses incidental to the ownership of the house and lot becomes apparent. It leads to and raises a judicial question as to whether the trial court would have placed the respondent in a situation where the burden incident to owning and maintaining the house would be upon her had it not believed it could supplement her share by making use of alimony as a contribution toward the payment of the mortgage upon property which was to become hers although the share allotted to the husband in the division was considerably less than one half. The court decided that the division of the property should be made and provided a sum out of the increase in the so-called alimony allowance should be present which would enable her to make payments upon the mortgage. This resulted in further increasing the award and is related entirely to the division of the estate. While agreeing with the trial court that a division of the property might be made, it is considered that the reasonableness of the division was not properly decided, and that the judgment must be reversed so that a further consideration of the facts involved may be given by the trial court where it will have the assistance of the parties and their lawyers in developing facts which will enable the trial court to determine a reasonable and equitable adjustment in the matter of the division of the estate, if one is to be made, rather than for this court, on appeal, to decide the matter.

The matter should be further studied in the court below with a view of determining the exact needs of the wife and children and the extent of the husband's income, which are

the underlying factors in determining what allowance of alimony and support money shall be granted.

As to the allowance of attorney fees, the trial court must take into consideration the financial ability of the parties and the practical effort required of the attorney to acquaint himself with relevant facts to enable him to advise his client on questions involved. This includes in this case the necessary search and study of a rather perplexing or complicated situation. When the separation became inevitable and the divorce action necessary, the parties were joint owners of two residential lots on one of which is the residence. There was personal property of considerable extent. A scale of living had resulted from the remarkable earning power developed by the husband as a jewelry salesman operating in a wide territory of some several states. Some familiarity with the method of operating his business, his relations to his customers and employer, was required so that understanding of results by way of income might be fully presented to the court.

The record shows that a careful, intensive investigation of appellant's resources and earning capacity was necessary on the part of respondent's counsel for the proper protection of his client. Allowance of attorney fees by the trial court challenged on this appeal does not impress us as being excessive, considering the work and professional skill required, nor out of line with the standards of compensation for such service in the community where the work was done. Accordingly, we cannot find that such an allowance constituted an abuse of discretion on the part of the learned trial judge, and the judgment and order should be affirmed as to the amounts allowed.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded for further proceedings in accordance with this opinion. The order of January 3, 1952, is affirmed as to attorney fees and reversed and remanded for

210

further proceedings as to the remainder. Neither party to have costs on this appeal. Respondent to pay clerk's fees.