HULL, Respondent, vs. HULL, Appellant.

*November 5—December 4, 1956.*

142

For the appellant there was a brief and oral argument by *Donald F. Gallagher* of Evansville, and *Crosby H. Summers* of Janesville.

For the respondent there was a brief by *Albert H. Gill* of Evansville, and *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Mr. Jacob Geffs* and *Mr. Gill.*

FAIRCHILD, C. J. The principal issue on this appeal, as we view it, is whether there was an abuse of discretion on the part of the trial court in awarding to Mrs. Hull one half the net estate of the parties as a division of property, as well as requiring Mr. Hull to pay alimony to her of $15 per week.

The principles which should govern a trial court in making a division of estate in divorce actions were carefully reviewed by this court in *Gauger v. Gauger,* 157 Wis. 630, 633, 147 N. W. 1075, and are as applicable today as when that case

was decided in 1914. It was therein declared, "it has been pretty well established that a clear third of the whole is a liberal allowance to the wife, subject to be increased or decreased according to special circumstances." In the instant case, the learned trial court pointed out no special circumstances in his memorandum decision as a basis for awarding Mrs. Hull more than one third of the estate. A careful reading of the record has failed to disclose any ground which, in our opinion, would justify a property division to her in excess of one third of the net estate.

Counsel for Mrs. Hull cite *Brackob v. Brackob,* 262 Wis. 202, 54 N. W. (2d) 900, and *Brackob v. Brackob,* 265 Wis. 513, 61 N. W. (2d) 849, wherein we permitted a division of one half of the net estate to the wife. However, in that case, there were special circumstances to justify such result. The wife was awarded custody of three very young children, making it advisable that she be awarded title to the home and household furniture in the division of the estate. The net value of such assets exceeded one half of the value of the net estate, so that, in order to carry out a division of one half thereof to each party, it was necessary to give the husband a lien on such home for $3,000. The home was already incumbered by a mortgage of $7,150 and unpaid taxes of $303.30. The market value of the home was $15,500, and it, therefore, is readily apparent that if a lien greater than $3,000 was imposed thereon in favor of the husband, there would be danger that such burden would force the wife to give up the home.

It is our considered judgment that in the instant case the amount of property to be awarded to Mrs. Hull in making the division of estate should not exceed one third of the net value of the estate. The award of $15 per week alimony is approved.

The next point to be considered is the provision in the decree granting to Mrs. Hull the option to acquire the farm for $20,000, which option she has exercised. She no longer

resides on the farm, which clearly indicates that such option was not necessary in order to insure that she and the younger children would be provided with a proper home in which to reside.

Since their acquisition, the farm and the processing plant have been operated as an integral unit. The farm was adapted by Mr. Hull to raise feeders for the processing plant, and, in turn, the livestock was fed from residue from the plant. If Mr. Hull were forced to buy another farm, he would have to undergo the burden of making additional investment to adapt it to use as an adjunct of his processing plant. There also would be a serious question as to whether he could acquire a suitable farm as conveniently located to the processing plant as the present farm. Any additional financial burdens cast upon Mr. Hull as a result of having to yield up the present farm and purchasing and equipping another might jeopardize his ability to pay support money and alimony, and is not in the true interest of Mrs. Hull and the children.

We, therefore, conclude that both the processing plant and the farm should be awarded to Mr. Hull in the property division, and that Mrs. Hull be given a lien on either or both as security for the amount of cash due her as part of her one-third division of estate.

The other points raised on this appeal concern valuations of assets by the trial court. Upon review of the record, we find no reason to disturb any of the findings of the trial court with respect to valuation of various items of property, part of which were stipulated by the parties.

*By the Court.*—That part of the judgment appealed from is reversed, and cause remanded for further proceedings consistent with this opinion. Each party to pay his or her costs on this appeal, except that the appellant shall be required to pay the amount directed to be paid as attorneys' fees and disbursements of appeal under the order of the trial court dated March 22, 1956. Defendant to pay clerk's fees.