MORRIS, Respondent, v. MORRIS, Appellant.

*February 9—March 7, 1961.*

For the appellant there was a brief and oral argument by *Leslie A. Wortley* of West Allis.

For the respondent there was a brief by *Pommerening & Pommerening* of Milwaukee, and oral argument by *E. C. Pommerening*.

BROWN, J.   The divorce court has power to provide for both alimony and final division of property. Sec. 247.26, Stats.; *Brackob v. Brackob* (1952), 262 Wis. 202, 54 N. W. (2d) 900. The division of property in a divorce action is a matter for the trial court's discretion. The division is to be equitable and that will depend upon the circumstances of the particular case. *Hoffman v. Hoffman* (1955), 270 Wis. 357, 359, 71 N. W. (2d) 401; *Mentzel v. Mentzel* (1958), 4 Wis. (2d) 584, 91 N. W. (2d) 101. The court's exercise of its discretion "must prevail in the absence of some mistake or error respecting the facts upon which it rests which would amount to an abuse of discretion." *Horel v. Horel* (1952), 260 Wis. 336, 340, 50 N. W. (2d) 673.

The divorce was granted to the wife.

There are two children of the parties, a daughter, aged eight, and a son, ten. Their custody was properly awarded to the plaintiff wife. Almost by necessity, then, the home with its furniture was assigned to her. The plaintiff had been a housewife before the estrangement. She had obtained work for wages during the few months of the separation before trial. For this she was paid from $30 to $60 per month. The care and supervision of the two children restrict her working hours to the times when the children will be in school, which limits her earning capacity. If the income of the father permits, he should be required to pay adequate alimony to the wife and support of the two children to enable them to maintain the home in reasonable comfort in the manner to which they have been accustomed.

The judgment requires the husband to pay $150 per month alimony and $75 per month support money for each of the two children. He is also required to continue in force, at a cost of $25.38 per month, two life insurance policies of $5,000 each for the benefit of the two children. Judged by the needs of the wife and children these are reasonable requirements and should stand unless they are excessive in the light of the father's income. Appellant is steadily employed and has a salary of $10,000 per year which with overtime brought his income in 1959 to $10,414. Income and social-security taxes will, of course, reduce the income available for the support of his family. The contribution imposed on him annually by the judgment for the benefit of the wife and children comes to $3,904.60. Mrs. Morris will have income taxes of her own to pay and taxes and assessments on the real estate assigned to her. We conclude that the allowance of alimony and the support money is not an unreasonable requirement in the circumstances, nor are these awards abuses of discretion. The trial court retains jurisdiction over

alimony and support and may modify these provisions if experience shows them to be inequitable.

In the division of the estate, the judgment assigned to the wife the home and household furniture and moneys she presently holds in bank accounts, which come to $600. The judgment creates for the husband a lien of $3,500 on the home to be paid in seven years without interest. If the property is sold within five years the amount of the lien shall then be paid into court subject to the further order of the court. The incumbrances on the real estate are to be assumed by the wife. The husband is given the automobile of the parties, worth $1,250, credit-union and bank balances of $293.30, and his insurance policies whose cash surrender value is $1,484. (This does not include the policies ordered to be continued to protect the children. Those policies have a surrender value of $2,150.)

The value of the home was stipulated to be $16,000. No value of furniture is shown by the record. Appellant estimated it would be worth $3,000 to $4,000 if new, but it is not new. On this evidence we would not give it any value except that respondent estimates it as worth $1,500. The trial court was silent on the subject. We will accept respondent's figures for the purpose of this opinion.

The house is mortgaged for $8,323.52, present balance, and there are sewer assessments presently against it and other estimated sewer charges totaling $1,345, leaving an equity (exclusive of the $3,500 lien to the husband) of $6,330.98.

A tabulation of the assets for distribution shows:

```
Equity in home...............$6,330.98
Cash value of all life insurance...  3,634.00
Automobile of parties.........  1,250.00
Second mortgage cash, held by
    clerk of court..............    351.91
Credit-union balance...........    271.30
```

```
Bank accounts......................    622.00
Household furniture............. 1,500.00
    Total estate.....................  $13,960.19
```

The distribution ordered by the court is:

To appellant:
```
Lien on residence.............$3,500.00
Automobile  .................  1,250.00
Credit-union balance ..........    271.30
Bank balance .................     22.00
                                 5,043.30
```
Present value of life insurance
policies retained by appellant.. 1,484.00
```
    Total to appellant..................  $6,527.30
```

To respondent:
```
Equity in home, after lien to
    appellant ..................$2,830.98
Household furniture............  1,500.00
Bank account ................    600.00
    Total to respondent...............  $4,930.98
```

```
To attorney for defendant for expenses of
    divorce: Proceeds from second mortgage    351.91
To provide security for the two children:
    Two insurance policies with cash sur-
    render value of $2,150...............  2,150.00
    Total evaluated estate as above......  $13,960.19
```

This assigns to the wife slightly less than 36 per cent of the estate. In *Hull v. Hull* (1956), 274 Wis. 140, 79 N. W. (2d) 653, citing *Gauger v. Gauger* (1914), 157 Wis. 630, 633, 147 N. W. 1075, we said that a clear third of the estate is a liberal allowance to a wife in the division of the estate, subject to be increased or decreased according to special circumstances. In *Brackob v. Brackob, supra,* we permitted a division of one half the net estate to the wife.

Under the circumstances of the present case, custody of the children practically compels the assignment of the house and furniture to the mother and the division made by the judgment does not constitute an abuse of discretion on the part of the trial court. It is well within the limits which in other cases we have prescribed.

The appellant submits that it was an abuse of discretion that the court did not order the wife to pay interest on the $3,500 lien in favor of the husband, and there was abuse likewise not to require the lien to be paid forthwith if the respondent remarries. We consider the provisions were within the court's discretion.

Appellant also submits that the court abused its discretion in requiring him to keep in force the insurance policies for the protection of the children without providing that this obligation ends when the respective beneficiaries reach the age of twenty-one. Certainly this omission was an oversight by the learned trial court. The father's obligation does not extend beyond the coming of age of the child and on return of the record to the trial court we must direct this correction of the judgment to be made by the court. In other respects the judgment is affirmed.

*By the Court.*—Judgment to be modified as directed by the opinion and, as so modified, affirmed.