JORDAN, Appellant, v. JORDAN, Respondent.

No. 101. *Argued September 29, 1969.—Decided October 31, 1969.*
(Also reported in 171 N. W. 2d 385.)

For the appellant there was oral argument by *Howard Goldberg* of Madison.

For the respondent there was oral argument by *Thomas W. Pierce* of Madison.

HANLEY, J.   Two issues are presented on this appeal:

(1) Did the trial court abuse its discretion with respect to its division of property in lieu of alimony; and

(2) Did the appellant establish a change of circumstances which would justify an award for the support of her daughter Susan?

*Alimony and Property Division.*

This court has often recognized that both the award of alimony and the division of property are within the peculiar discretion of the trial court.  This discretion ". . . must prevail in the absence of some mistake or error respecting the facts upon which it rests which would amount to an abuse of discretion." *Horel v. Horel* (1952), 260 Wis. 336, 340, 50 N. W. 2d 673; *Morris v. Morris* (1961), 13 Wis. 2d 92, 93, 108 N. W. 2d 124.

The plaintiff contends that the trial court's refusal to grant alimony in conjunction with the property division was based upon an erroneous computation of defendant's resources.  On the basis of its computation the trial court

found that defendant was simply unable to afford alimony payments. In the plaintiff's view a proper computation would have revealed that defendant was in fact capable of making some payment.

In computing the defendant's monthly budget, the trial court apparently found that while his income amounted to $413.84, his expenses totaled $411.25. The plaintiff assigned error to the court's usage of four weeks', rather than four and one-third weeks', pay, its exclusion of one twelfth of a $250 Christmas bonus and its inclusion of certain nonrecurring liabilities.

Since the actual budget [1] has not reached this court as part of the record, there has been no opportunity to adequately verify these assignments of error. However, as to the Christmas bonus and the allegedly nonrecurring expenses, it is sufficient to note that the husband's ability to pay should be considered as of the time of trial. *Radandt v. Radandt* (1966), 30 Wis. 2d 108, 140 N. W. 2d 293; *Miner v. Miner* (1960), 10 Wis. 2d 438, 103 N. W. 2d 4, and that an award of alimony can be revised upon the showing of a material change of circumstances. *Miner v. Miner, supra.* Since it is uncertain whether the bonus will be forthcoming and since it cannot be said that the existing expenses will not be replaced by others, these factors in and of themselves should not render the denial of alimony an abuse of discretion.

Considering, however, the absence of the budget upon which the trial court based its denial of alimony, its use of discretion can best be examined in light of the ultimate effect of its entire decision.

". . . [B]oth alimony payments and division of the estate are means whereby a husband meets the obligation to support his wife in the status to which she was accustomed." *Tonjes v. Tonjes* (1964), 24 Wis. 2d 120, 125, 128 N. W. 2d 446.

---

[1] Trial Exhibit 3 was not included in the record as received by this court.

The plaintiff contends that the ultimate effect of the court's division of property in lieu of alimony was to award her nothing. This contention, however, is not based upon approved valuations because, as stated earlier, the trial court made no finding as to the value of the assets distributed to the parties. If, however, the plaintiff's suggested valuations [2] were correct, she received less than one tenth of one percent. Clearly, there would be a violation of the guideline repeatedly approved by this court.

". . . [I]n general a third of the net estate is a liberal allowance to the wife subject to be increased or decreased according to special circumstances." *Kronforst v. Kronforst* (1963), 21 Wis. 2d 54, 61, 123 N. W. 2d 528.

In *Littig v. Littig* (1938), 229 Wis. 430, 282 N. W. 547, it was suggested that dividing property rather than awarding alimony can, in itself, amount to an abuse of discretion. Although the circumstances in the instant case are distinguishable from those in the *Littig Case*,

[2]

| Item | Value | Husband | Wife |
|---|---|---|---|
| *Assets:* | | | |
| One-half remainder interest | $10,448.55 | $10,448.55 | |
| Bank Account Bank of Madison | $ 100.00 | 100.00 | |
| 1959 Chevrolet | Unknown | Unknown | |
| 1957 Chevrolet | 8.00 | | $8.00 |
| Household Furniture and Furnishings | Minimal | | Minimal |
| Total Value of Assets Received | $10,556.55 | $10,548.55 | $8.00 |
| *Liabilities:* | | | |
| Note to Mr. Jordan's stepmother | | $ 7,000.00 | |

*supra,* we think on the basis of the record before us there is no justification for the division of property in lieu of alimony. However, in the interest of justice we deem it desirable to remand the case to the trial court for the purpose of having the parties offer further evidence as to the value of the assets, as well as other pertinent factors. If, after adducing further evidence, it appears that the assets of the parties are of little value, then the divorce judgment should provide for alimony payments; or, at least, the trial court should retain jurisdiction to award alimony in the future.

The defendant contends that the trial court's discretion as to the division of property must be reviewed in light of the record which, as stated earlier, does not indicate the value of his remainder interest. Without the value of this and other assets, it is impossible in the instant case to apply the one-third guideline established by this court. Since the record fails to indicate the value of the remainder interest, he contends that no abuse of discretion can be assigned to the trial court.

Although a review by this court is normally on the record, it has, in the interest of justice, remanded divorce judgments for the purpose of receiving additional evidence concerning divisions of property. *Radandt v. Radandt, supra.*

When, as here, the lack of sufficient evidence is coupled with the court's failure to make specific findings concerning the valuations of distributed assets, the interest of justice again requires such procedure.

### Support Payments.

The trial court originally postponed its decision as to support payments for Susan. Although at the time of the trial Susan was over eighteen years of age and working, in September, 1967, she returned to school. Since she was no longer able to support herself while attending

school, the plaintiff applied to the trial court for support allowance and assigns error to its denial of her petition.

Sec. 247.24, Stats., provides that the court in rendering a judgment of divorce may make such further provisions therein as it shall deem just and proper concerning the care, custody, maintenance and education of the minor children of the parties.

Under the above-quoted provision of this statute, the question arises as to a father's duty to contribute toward the support and education of a son or daughter under twenty-one years of age who has completed high school and is desirous of a college education.

The only reported cases dealing with this question are *Peck v. Peck* (1956), 272 Wis. 466, 76 N. W. 2d 316, and *Brackob v. Brackob* (1952), 262 Wis. 202, 54 N. W. 2d 900. In both cases the husband's financial ability was an important fact in determining the extent of his responsibility for the education of his children. Since the financial position of the defendant has not been adequately defined by the trial court, we think the order denying support must also be reversed so that the trial court can exercise its discretion based upon subsequent testimony.

*By the Court.*—The order appealed from is reversed. That part of the judgment which awarded to plaintiff a division of the estate in lieu of alimony is reversed, and the remaining portions of the judgment are affirmed, and the cause is remanded for further proceedings consistent with this opinion. Neither party shall tax costs on this appeal.