WILBERSCHEID, Appellant, v. WILBERSCHEID, Respondent.†

*No. 75–79. Submitted on briefs January 6, 1977.—Decided March 29, 1977.*

(Also reported in 252 N. W. 2d 76.)

† Motion for rehearing denied, with costs, on May 17, 1977.

ABRAHAMSON, J. The issues presented for our consideration relate to the property division set forth in the judgment of divorce.

The appellant, Dorothy Wilberscheid, and the respondent, Cyril Joseph Wilberscheid, were married on January 14, 1956. She was at home while he worked as a laborer for the Kohler Company. In February of 1957 he quit his job and bought a tavern in Kiel, Wisconsin, with funds Mrs. Wilberscheid had saved prior to the wedding. A daughter, Carol, was born. Despite the efforts of both parties the business lost money for two and one-half years so they sold out and returned to Sheboygan, where they purchased a home for $13,500

with money Mrs. Wilberscheid had inherited from her mother. With the exception of about $500 worth of appliances, the household furnishings were also paid for with her money. In Sheboygan Mr. Wilberscheid's earnings from various jobs, primarily washing and polishing cars for automobile dealers, were insufficient to cover the family's living expenses. Initially Mrs. Wilberscheid used her savings to cover the shortfall. For the last thirteen years of the marriage, her income as a beautician which averaged $100 net earnings per week provided the main source of family revenue. Mr. Wilberscheid's average annual wages in this period ranged from $2,800 to $3,400.

The extent of the husband's contribution to the maintenance and support of the family during the last thirteen years was disputed. His income usually covered the gas, electric and telephone bills but little else. Mrs. Wilberscheid's earnings paid the taxes and bought the food and other essentials. While his wife was working Mr. Wilberscheid claims to have done all the housework; washing, cleaning, cooking, vacuuming and scrubbing, with some help from his daughter in recent years. Mrs. Wilberscheid disputed this assertion, claiming to have done most of this work herself, except for Carol's recent help and some minimal assistance with the cooking chores from her husband.

The family's assets included the house, whose value was assessed at $17,000 (the fair market value of which was estimated at $22,000–$23,000 by Mr. Wilberscheid), and its furnishings which had a value estimated at $6,000 by Mrs. Wilberscheid. In addition, each party owned an automobile and each had a savings account. The wife's car, a 1973 Pontiac, had a blue book value of $3,250 and her savings account had a balance of $7,000. The husband's car, a 1968 Pontiac, was valued by Mr. Wilberscheid at $500 and his savings account balance

was $2,000. Mrs. Wilberscheid also had a checking account with $1,000 in it. The trial court found the divisible assets and their respective values to be as follows:

| | |
|---|---|
| Home | $22,000.00 |
| Furnishings | 6,000.00 |
| 1973 Pontiac | 3,250.00 |
| 1968 Pontiac | 500.00 |
| His Savings Account | 2,000.00 |
| Her Savings Account | 7,000.00 |
| Her Checking Account | 1,000.00 |
| | $41,750.00 |

On the basis of undisputed testimony alleging the husband's misconduct, the court granted the wife an absolute divorce upon the grounds of cruel and inhuman treatment. The court awarded custody of Carol Wilberscheid to her mother, together with $75 per month for child support to be paid by the father.

The court stated that after reviewing the testimony it was satisfied that the wife was entitled to a more substantial division of the assets than the husband. In lieu of alimony to either party the court ordered a final division of assets wherein the wife received two-thirds of the assets and the husband received one-third of the assets, and the court assigned to the wife the home, its furnishings, her two bank accounts and her car. The husband was assigned his bank account, his car and a lien on the home in the amount of $11,416. The lien bore interest at 6 percent per annum. The sum was due and payable when Carol reached majority but it was chargeable for child support payments any time prior to maturity. The wife is alleging that the property division was excessive in favor of the husband and hence

constitutes an abuse of discretion on the part of the trial court. She wishes this court to eliminate the husband's lien.

This court has long held that the division of property is within the sound discretion of the trial court and that the division will not be disturbed unless an abuse of discretion is shown.[1] An abuse of discretion arises when the trial court has failed to consider proper factors, has made a mistake or error with respect to the facts upon which the division was made, or when the division itself was, under the circumstances, either excessive or inadequate.[2]

Prior to *Lacey v. Lacey,* 45 Wis.2d 378, 173 N.W.2d 142 (1970), one of the guidelines of this court was that a property division awarding one-third of the net marital estate to the wife was considered a liberal allowance to the wife subject to increase or decrease according to special circumstances.[3] We have specifically rejected a "rule of thumb" or a strict mathematical formula for the division of the marital estate in a divorce action, and we

[1] *Bussewitz v. Bussewitz,* 75 Wis.2d 78, 83, 248 N.W.2d 417 (1977); *Greco v. Greco,* 73 Wis.2d 220, 228, 229, 243 N.W.2d 465 (1976); *Czaicki v. Czaicki,* 73 Wis.2d 9, 20, 242 N.W.2d 214 (1976); *Parsons v. Parsons,* 68 Wis.2d 744, 749, 229 N.W.2d 629 (1975); *Markham v. Markham,* 65 Wis.2d 735, 748, 223 N.W.2d 616 (1974); *Leeder v. Leeder,* 46 Wis.2d 464, 468, 175 N.W.2d 262 (1970).

[2] *Parsons, supra,* at p. 750; *Leeder, supra,* at pp. 468, 469; *Anderson v. Anderson,* 72 Wis.2d 631, 638, 242 N.W.2d 165 (1976).

[3] *Jordan v. Jordan,* 44 Wis.2d 471, 171 N.W.2d 385 (1969); *Kronforst v. Kronforst,* 21 Wis.2d 54, 123 N.W.2d 528 (1963); *Schneider v. Schneider,* 15 Wis.2d 245, 112 N.W.2d 584 (1961).

This "one-third rule of property division" was derived from a statement of this court in *Gauger v. Gauger,* 157 Wis. 630, 633, 147 N.W. 1075 (1914).

emphasized that each case must be decided upon the material facts and factors present therein.[4]

We do not believe that the trial court has applied an arbitrary one-third, two-third mathematical formula. The decision and the findings of fact and conclusions of law show that the court considered the factors which this court in *Lacey, supra* at p. 383, set forth as the factors to be considered in the division of the marital estate:

". . . Whatever is material and relevant in establishing a fair and equitable basis for division of the property of the parties may be considered. Such relevant factors certainly include the length of the marriage, the age and health of the parties, their ability to support themselves, liability for debts or support of children, general circumstances, including grievous misconduct, although a division is not a penalty imposed for fault. Whether the property award is in lieu of or in addition to alimony payments is a material factor. Whether the property was acquired during the marriage or brought to the marriage makes a difference. . . ."

The substance of the above quote from the *Lacey* opinion is now codified in sec. 247.26, Stats.[5]

[4] *Tesch v. Tesch*, 63 Wis.2d 320, 327, 217 N.W.2d 647 (1974); *Shetney v. Shetney*, 49 Wis.2d 26, 31, 181 N.W.2d 516 (1970).
"In *Lacey v. Lacey* (1970), 45 Wis.2d 378, 173 N.W.2d 142, this court concluded that the division of the property of divorced parties rests on the concept of a marriage as a shared enterprise or joint undertaking. The court recognized that the contributions of the parties to the marriage and to the accumulation of the property differs from case to case, making it extremely difficult to establish any fixed rules for the division of property. . . ." *Anderson, supra* at pp. 638, 639.

[5] Sec. 247.26, Stats., provides in part:
". . . The court may also finally divide and distribute the estate, both real and personal, of either party between the parties and divest and transfer the title of any thereof accordingly, after having given due regard to the legal and equitable rights

It is not necessary that the trial court consider and discuss each and every one of the factors set forth in the statute or cases. Also it is for the trial judge to determine the weight and effect of the various considerations. *Bussewitz v. Bussewitz, supra* at p. 87.[6]

Mrs. Wilberscheid argues that her husband's meager contributions to his family's welfare and his misconduct which precipitated this divorce action warrant his receipt of less than one-third of the marital estate. She points out that her efforts and individual resources provided the bulk of the divisible assets. However, under *Lacey, supra,* and under sec. 274.26, Stats., the ownership of assets prior to the marriage is only one of many factors determinative of the final property division.[7] The record

of each party, the length of the marriage, the age and health of the parties, the liability of either party for debts or support of children, their respective abilities and estates, whether the property award is in lieu of or in addition to alimony, the character and situation of the parties and all the circumstances of the case . . . ."

[6] The trial court's findings and decision here do reflect the proper considerations. We have said the following commenting on the review of a case where the trial court's decision did not expressly evaluate the *Lacey* factors:

"However, the *Lacey Case* stated that: 'The responsibility of the trial court is to fairly, equitably and justly divide the marital property between the spouses, and where it begins is not crucial. It is where it ends that is to be reviewed on appeal.' Here, although the trial court did not precisely follow or use the *Lacey* guidelines, it did list the factors which it felt made its division of property an equitable result. It is now up to this court to determine whether in fact the division was a proper exercise of discretion." *Tesch v. Tesch,* 63 Wis.2d 320, 328, 217 N.W.2d 647 (1974).

[7] The legislative history of the 1971 amendment to sec. 247.26 supports the interpretation that the estate of both husband and wife are subject to division and award to either party. In its initial report the Board of Directors of the State Bar of Wisconsin Family Law Section recommended "that the court shall have

indicates that the husband provided financial support in the early years of the marriage. The court also had testimony (though disputed) of the husband's efforts as homemaker househusband. This court recognizes the value of the uncompensated work of housewives or househusbands. In *Bussewitz v. Bussewitz, supra* at p. 86, we noted that in dividing property upon divorce, the contribution of a full time homemaker may be considered greater than, or at least as great as, that of a working spouse. *Lacey, supra* at p. 383. The fact that one party to the marriage worked outside the home while the other cared for the home and children has little bearing on the outcome of the property division if marriage is to be viewed as a "partnership" wherein both parties contribute of their respective abilities to the acquisition and preservation of marital assets. *Lacey, supra* at p. 382; *Kunde v. Kunde,* 52 Wis.2d 559, 562, 191 N.W.2d 41 (1971).

The trial court heard testimony concerning the length of the marriage, the relative efforts of each party in contributing to the marriage, each party's age, health, income, and liabilities, and the sources of the funds used to acquire the marital estate. The court stated that it based its decision upon a review of all the testimony, and the court considered the defendant's misconduct, the burden of child support imposed upon him and the

the right to divide the estate of either or both of the parties in its discretion after considering their relative estates, health, age, income, length of marriage, method of acquisition of the estate, etc." Legislative Reference Bureau, Drafting File, Chapter 220 (1971). In its analysis of the proposed law, the Legislative Reference Bureau concluded that:

"The estate of either or both parties may be divided by the court after considering all appropriate factors. The wife's separate estate is no longer shielded from distribution in actions affecting marriage." *Id.* (1971 Senate Bill 241, March 3, 1971)

fact that the division was made in lieu of alimony either party might otherwise pay.

Certain factors are particularly relevant in determining whether a property division is inadequate or excessive. *Anderson, supra* at p. 639. As the trial court noted, the parties were married for eighteen years. Such length implies some balance of contributions between the parties. The husband's capability for self-support is arguably below that of the wife; he was assessed (we think properly) for child support. While the husband's misconduct is undisputed and may be considered in the property division, the division should not be utilized to punish misconduct.[8] Neither party received alimony, a circumstance the trial court properly considered as relevant to the property division. The trial court clearly exercised its discretion considering proper factors, and on this record we cannot conclude that there was an abuse of discretion.

The appellant also argues that the lack of proper valuation data prejudiced her when the division of assets was made, an argument akin to an allegation of factual error. The trial court heard the testimony of the parties concerning the values of various assets. No objection was made to any of this testimony and neither side offered or attempted to present further evidence contradicting or clarifying the valuations. The record reflects both parties' acceptance of the values presented. An owner is competent to give opinion evidence on value.[9] In the absence of any indication to the trial court, by

---

[8] *Kronforst v. Kronforst,* 21 Wis.2d 54, 62, 123 N.W.2d 528 (1963); *Knutson v. Knutson,* 15 Wis.2d 115, 121, 111 N.W.2d 905 (1961).

[9] *Estate of Ensz,* 66 Wis.2d 193, 223 N.W.2d 903 (1974); *Trible v. Tower Ins. Co.,* 43 Wis.2d 172, 187, 168 N.W.2d 148 (1969).

objection or otherwise, of dissatisfaction with the evidence presented the appellant may not now be heard to complain on appeal.[10]

Relying upon our decision in *Horel v. Horel,* 260 Wis. 336, 50 N.W.2d 673 (1952), Mrs. Wilberscheid contends that the manner in which the property division is to be executed is improper, since *Horel* mandates an actual division.[11] The court said in *Horel* (p. 339) that "there should be an actual division wherever possible." In the present case an award of similar amounts which did not encumber the house would have required a sale of the house or the award to the husband of all cash assets and automobiles. These alternatives would cause great hardship, and we find that the trial court acted within its discretionary authority in ordering this division.

Finding no error or abuse of discretion, we conclude that this decision and award must be affirmed.

*By the Court.*—Judgment affirmed.

[10] *Steffes v. Farmers Mut. Auto. Ins. Co.,* 7 Wis.2d 321, 333, 96 N.W.2d 501 (1959).

[11] *Horel* presents an easily distinguishable fact situation. In *Horel* both parties were awarded the right to occupy their home. The difficulty was that the award greatly reduced the value to the husband of his occupancy and of his right to possess and use a small animal hospital located on the same lot. In the case at bar the lien does not represent the same or even a similar diminution of the value to the wife of her award. The lien does not constitute the award of the right to reside in the home.