COURT OF APPEALS
DECISION
DATED AND FILED

October 16, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2285-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2016CF774

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

THOMAS W. PLOSZAY, JR.,

    DEFENDANT-APPELLANT.

        APPEAL from a judgment and an order of the circuit court for Manitowoc County: MARK R. ROHRER, Judge. *Affirmed*.

        Before Gundrum, P.J., Neubauer and Lazar, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Thomas W. Ploszay, Jr. appeals from a judgment of the circuit court and an order denying his motion for postconviction relief. For the following reasons, we affirm.

## *Background*

¶2 Ploszay pled no contest to two burglary counts in connection with having stolen numerous items from the victim's cabin and outbuilding. Following a restitution hearing at which the victim requested $1,790 in restitution for items that were not recovered, the circuit court ordered Ploszay to pay $1,690. Ploszay filed a postconviction motion asking the court to decrease the restitution order to $0 because "the victim's testimony regarding his property losses did not meet his burden of proof; it was simply too speculative." The court denied the motion, and Ploszay appeals.

## *Discussion*

¶3 Our statutes provide that "[w]hen imposing sentence or ordering probation for any crime … the court … *shall* order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing … unless the court finds substantial reason not to do so and states the reason on the record." WIS. STAT. § 973.20(1r) (2021-22)[1] (emphasis added). The victim bears "[t]he burden of demonstrating by the preponderance of the evidence the amount of loss sustained … as a result of [the] crime." *See* § 973.20(14)(a). The circuit court determines in its discretion the appropriate amount of restitution,

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

which determination will be upheld unless the court has erroneously exercised its discretion. ***State v. Gibson***, 2012 WI App 103, ¶8, 344 Wis. 2d 220, 822 N.W.2d 500.

¶4       "The primary purpose of [WIS. STAT.] § 973.20 is to compensate the victim." ***State v. Wiskerchen***, 2019 WI 1, ¶22, 385 Wis. 2d 120, 921 N.W.2d 730. "Wisconsin courts have repeatedly held that 'restitution is the rule and not the exception,' and 'should be ordered whenever warranted.'" ***Id.*** (citation omitted). The restitution statute is to be "broadly and liberally" construed "in order to allow victims to recover their losses as a result of a defendant's criminal conduct." ***State v. Anderson***, 215 Wis. 2d 673, 682, 573 N.W.2d 872 (Ct. App. 1997).

¶5       Ploszay asserts that "[t]he victim's claims were too speculative to meet the burden of proof."  He criticizes the circuit court for accepting the victim's testimony as to the value of the items Ploszay stole as meeting the victim's burden.  For example, he challenges the victim's claim "that $250 in cash was missing from his wallet" because it lacked support such as "a record from his bank to show that he had obtained this amount of cash shortly before the burglary" or an explanation "that he sold an item to another individual for that amount of cash and provided some documentation of the transaction."  He complains that "neither documentation nor explanation was given."  But the victim provided direct and specific evidence regarding the money stolen, explaining that it was "five $50 bills" in his wallet inside the residence.  The court found the victim's testimony credible; no further corroboration was needed.

¶6       Ploszay further criticizes the victim's memory as to two stolen air compressors that he valued at $100 each.  The victim had listed the compressors as items that had been stolen, but at the hearing there was question as to whether the

3

victim had recovered one of those compressors based upon a form the victim previously had presented indicating it may have been recovered. The victim stated he could not recall if one of those compressors was one of the items that had been recovered. In his briefing to us, Ploszay argues that "[t]his is problematic because it calls his memory of the details of these events into question." But the circuit court is the arbiter on witness credibility, and while the court generally found the victim's unchallenged testimony as to values credible, the court ultimately reduced the victim's restitution award by $100 because it only credited the victim with one lost air compressor, obviously due to the victim's uncertainty as to whether he had recovered one of the compressors. In short, the court concluded the victim had not shown by a preponderance of the evidence his loss of a second compressor.

¶7 Ploszay challenges the victim's testimony as to the value of other stolen items as "unreliable and lacking in foundation." Ploszay relatedly criticizes the victim's testimony as to replacement prices for items because the victim did not testify to "checking catalogs, websites, or physical stores" for prices or to paying a specific amount when purchasing a particular item. He asserts the victim worked off of "unspecified memory." Ploszay fails to convince us that the circuit court erred. *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 ("[O]n appeal 'it is the burden of the appellant to demonstrate that the [circuit] court erred.'" (Second alteration in original; citation omitted.)).

¶8 The victim was the only witness to testify at the restitution hearing; Ploszay presented no witness testimony, or other evidence, that the value of the stolen items was other than as the victim testified under oath. The victim testified that the morning after the burglary, he met with law enforcement officers to review and prepare a list of items that had been stolen from him. He demonstrated significant recall on the witness stand and provided substantial details regarding

the items that had been stolen, explaining in many instances why he believed the replacement value was as he claimed and in other instances testifying as to what he recalled paying for particular items that he had recently purchased.[2] The victim stated he himself "was the purchaser of all of the items," and he agreed that he believed all of the values he testified to at the hearing were "correct based on the original purchase price and what in [his] experience [he] would expect to pay to replace those items."

¶9 At one point in his hearing testimony, when asked about a "portable gas torch," the victim described it in detail but then volunteered that the torch was one of the items that eventually had been recovered, adding, "[S]o it's listed as [a] stolen item, but it was one of the items I was able to get back when … police officers … took me to the warehouse to look at the stolen property." Upon questioning by the circuit court, the victim estimated he had spent seventy dollars to replace two skill saws that had been stolen. He then confirmed the court's inquiry that the replacement cost was more than the sixty dollars the victim was requesting as restitution for those items.

¶10 Although he complains of a lack of foundation now, Ploszay, who was represented by counsel at the restitution hearing, never objected at the hearing to any of the victim's testimony on that basis. As a result, he forfeited such a challenge and will not be heard to complain of a lack of foundation on appeal. *See Vollmer v. Luety*, 156 Wis. 2d 1, 10, 456 N.W.2d 797 (1990) (stating that a party forfeits an alleged error for which no objection is raised and preserved in the

---

[2] For example, the victim testified that he paid $150 "very recently" at Menard's for a "battery charger and starter … unit[] that you can use to start vehicles," adding that it was "brand new. In fact I had never used it."

circuit court). But even if Ploszay had objected based on that basis, the objection would have fallen flat because Wisconsin law is clear that "a non-expert owner may testify concerning the value of their property [and] [t]he weight to be attached to [such] testimony is for the trier of fact." ***D'Huyvetter v. A.O. Smith Harvestore Prods.***, 164 Wis. 2d 306, 323, 475 N.W.2d 587 (Ct. App. 1991); *see also* ***Mayberry v. Volkswagen of Am., Inc.***, 2005 WI 13, ¶42, 278 Wis. 2d 39, 692 N.W.2d 226 ("Wisconsin case law is clear that an owner of property may testify as to its value and that such testimony may properly support a jury verdict for damages, even though the opinion is not corroborated or based on independent factual data."); ***Wilberscheid v. Wilberscheid***, 77 Wis. 2d 40, 48, 252 N.W.2d 76 (1977). Moreover, on cross-examination, Ploszay's questioning focused on what items were or were not recovered and whether the victim had replaced various items; there was no cross-examination challenge as to the value of any item to which the victim testified. And again, Ploszay presented no evidence of his own as to the value of any of the items he now challenges.

¶11 Here, the circuit court credited the victim's testimony as to the value of the various items stolen from him. This is not surprising in light of the specific details the victim recalled about the various items, the honesty the victim displayed in volunteering he had recovered the portable gas torch so he was not requesting restitution for that item, the fact that he had only requested sixty dollars for the two skill saws when it cost him seventy dollars to replace them, and Ploszay's failure to put forth any evidence undercutting the victim's asserted values. The circuit court, not this court, determines the credibility of witnesses and resolves conflicts in the evidence. ***Tang v. C.A.R.S. Prot. Plus, Inc.***, 2007 WI App 134, ¶19, 301 Wis. 2d 752, 734 N.W.2d 169.

¶12    Lastly, Ploszay claims the circuit court erroneously exercised its discretion because it did not engage in a process of reasoning but just blindly accepted the victim's testimony as to the amount of restitution owed for each stolen item. This is belied by the record, as the court specifically chose to reduce the victim's requested amount by $100 due to his lack of certainty as to whether or not he had recovered one of the two air compressors that had been stolen. The record shows the court gave careful consideration to the evidence and exercised a reasonable and thoughtful approach in awarding restitution.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.